1　DENNIS J. HERRERA, State Bar #139669
　　City Attorney
2　KRISTEN A. JENSEN, State Bar #130196
　　THOMAS S. LAKRITZ, State Bar #161234
3　Deputy City Attorneys
　　City Hall, Room 234
4　1 Dr. Carlton B. Goodlett Place
　　San Francisco, California 94102
5　Telephone:　(415) 554-6547
　　Facsimile:　(415) 554-4747
6　E-Mail:　　tom.lakritz@sfgov.org

7　Attorneys for Defendant
　　CITY AND COUNTY OF SAN FRANCISCO

8

9　　　　　　　　UNITED STATES DISTRICT COURT

10　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12　METRO FUEL LLC, a Delaware limited liability company, | Case No. C07-6067 EMC |
| 13 | **ANSWER TO COMPLAINT FOR** |
| 14　　　　　　　Plaintiff, | **DECLARATORY AND INJUNCTIVE RELIEF AND FOR DAMAGES FOR** |
| 15　　　vs. | **DEPRIVATION OF CIVIL RIGHTS** |
| 16　CITY OF SAN FRANCISCO, a municipal corporation, COUNTY OF SAN FRANCISCO, a subdivision of the State of California, CITY AND COUNTY OF SAN FRANCISCO, a chartered California city and county and DOE 1 through DOE 10, | |
| 20　　　　　　　Defendants. | |

21

22　　　　　Defendants the City and County of San Francisco, sued herein as the City of San Francisco,

23　County of San Francisco, and City and County of San Francisco (collectively, "the City" or "San

24　Francisco"), on behalf of itself and no other persons or entity, hereby respond to the unverified

25　Complaint For:　Declaratory and Injunctive Relief and for Damages for Deprivation of Civil Rights,

26　filed on November 30, 2007, by plaintiff Metro Fuel, LLC ("Metro Fuel") ("Complaint") as follows:

27

28

ANSWER TO COMPLAINT
USDC No. C07-6067 EMC
　　　　　　　1　　　　　　　n:\land\li2008\080804\00463680.doc

**JURISDICTION AND VENUE**

1.      Responding to the allegations contained in paragraph 1, the City admits that 28 U.S.C. §§ 1331 and 1343(a)(3), 42 U.S.C. § 1983, et seq. and 28 U.S.C. §§ 2201 and 2202 exist, and that their terms speak for themselves.  The City lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph 1, and denies each and every allegation contained therein on that basis.

2.      Responding to the allegations contained in paragraph 2, the City admits, "the claims asserted in [Metro Fuel's Complaint] arose in the Northern District of California."  The City further admits that there is a 28 U.S.C. § 1391(b) and that the terms of which speak for themselves.  The City lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph 2, and denies each and every allegation contained therein on that basis.

**THE PARTIES**

3.      Responding to the allegations contained in paragraph 1, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 1, and denies each and every allegation contained therein on that basis.

4.      Responding to the allegations contained in paragraph 2, the City admits that the City and County of San Francisco is a municipal corporation organized under and existing under the laws of the State of California and the San Francisco Charter.  The City denies each and every remaining allegation contained in this paragraph 2.

5.      Responding to the allegations contained in paragraph 3, the City admits that the City and County of San Francisco is a municipal corporation organized under and existing under the laws of the State of California and the San Francisco Charter.   The City denies each and every remaining allegation contained in this paragraph.

6.      Responding to the allegations contained in paragraph 4, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4, and denies each and every allegation contained therein on that basis.

7.      Responding to the allegations contained in paragraph 5, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5, and denies each and every allegation contained therein on that basis.

## PRELIMINARY ALLEGATIONS

8.      Responding to the allegations contained in paragraph 6, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6, and denies each and every allegation contained therein on that basis.

9.      Responding to the allegations contained in paragraph 7, the City admits that San Francisco Planning Code section 602.7 defines the phrase "general advertising sign." The City lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 7, and denies each and every remaining allegation contained therein on that basis.

10      Responding to the allegations contained in paragraph 8, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8, and denies each and every allegation contained therein on that basis. Moreover, the allegations of paragraph 8 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

11.      Responding to the allegations contained in paragraph 9, the City admits that Article 6 of the San Francisco Planning Code ("Article 6") regulates signs in the City and County of San Francisco and that the terms of Article 6 speak for themselves. The remaining allegations of paragraph 9 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

12.      Responding to the allegations contained in paragraph 10, the City admits that Article 6 of the San Francisco Planning Code ("Article 6") regulates signs in the City and County of San Francisco and that the terms of Article 6 speak for themselves. The remaining allegations of paragraph 10 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

13.     Responding to the allegations contained in paragraph 11, the City admits that Article 6 of the San Francisco Planning Code ("Article 6") regulates signs in the City and County of San Francisco and that the terms of Article 6 speak for themselves.  The remaining allegations of paragraph 11 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

14.     Responding to the allegations contained in paragraph 12, the City admits that Article 6 of the San Francisco Planning Code ("Article 6") regulates signs in the City and County of San Francisco and that the terms of Article 6 speak for themselves.  The remaining allegations of paragraph 12 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

15.     Responding to the allegations contained in paragraph 13, the City admits that Resolution No. 175-06 (File No. 060366) was adopted by the San Francisco Board of Supervisors on March 28, 2006, and approved by the Mayor of San Francisco on March 30, 2006.  The City further admits that the terms of Resolution No. 175-06 (File No. 060366) speak for themselves.  The remaining allegations of paragraph 13 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

16.     Responding to the allegations contained in paragraph 14, the City admits Planning Code section 604.2 requires "any general advertising sign company that owns a general advertising sign located in the City" to submit certain information to the Planning Department.  The City further admits that the terms of Planning Code section 604.2 speaks for themselves.  The City denies that a copy of the "General Advertising Sign Inventory Instructions" was attached as Exhibit A to the Copy of the Complaint served on the City.  The remaining allegations of paragraph 14 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

17.     Responding to the allegations contained in paragraph 15, the City admits that Article 6 of the San Francisco Planning Code ("Article 6") regulates signs in the City and County of San Francisco and that the terms of Article 6 speak for themselves.  The City further admits that the Fifth Amendment to the United States Constitution exists, and that its terms speak for themselves.  The

remaining allegations of paragraph 15 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

18.     Responding to the allegations contained in paragraph 16, the City admits that Article 6 of the San Francisco Planning Code ("Article 6") regulates signs in the City and County of San Francisco and that the terms of Article 6 speak for themselves.  The remaining allegations of paragraph 16 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

19.     Responding to the allegations contained in paragraph 17, the City admits that the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 2 and 4 of the California Constitution exists, and that their terms speak for themselves.  The remaining allegations of paragraph 17 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

**FIRST CAUSE OF ACTION**
**(Declaratory and Injunctive Relief – First Amendment)**

20.     Responding to the allegations contained in paragraph 18, the City refers to and incorporates herein by reference as though fully set forth the City's responses in paragraphs 1 through 19 of this Answer.

21.     Responding to the allegations contained in paragraph 19, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 19, and denies each and every allegation contained therein on that basis.

22.     Responding to the allegations contained in paragraph 20, the City admits that the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 2 and 4 of the California Constitution exists, and that their terms speak for themselves.  The remaining allegations of paragraph 20 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

23.     Responding to the allegations contained in paragraph 21, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 21, and denies each and every allegation contained therein on that basis.

1    24.    Responding to the allegations contained in paragraph 22, the City admits that the Fifth

2    Amendment to the United States Constitution exists, and that its terms speak for themselves.  The

3    remaining allegations of paragraph 22 contain legal conclusions to which no response is necessary

4    and the City denies each and every remaining allegation contained therein on that basis.

5    25.    Responding to the allegations contained in paragraph 23, the City denies each and

6    every remaining allegation of paragraph 23.

7    26.    Responding to the allegations contained in paragraph 24, the City denies each and

8    every remaining allegation of paragraph 24.

## SECOND CAUSE OF ACTION
### (Declaratory and Injunctive Relief – Fifth Amendment)

11    27.    Responding to the allegations contained in paragraph 25, the City refers to and

12    incorporates herein by reference as though fully set forth the City's responses in paragraphs 1 through

13    24 of this Answer.

14    28.    Responding to the allegations contained in paragraph 26, the City lacks sufficient

15    information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26,

16    and denies each and every allegation contained therein on that basis.

17    29.    Responding to the allegations contained in paragraph 27, the City admits that the Fifth

18    Amendment to the United States Constitution exists, and that its terms speak for themselves.  The

19    remaining allegations of paragraph 27 contain legal conclusions to which no response is necessary

20    and the City denies each and every remaining allegation contained therein on that basis.

21    30.    Responding to the allegations contained in paragraph 28, the City lacks sufficient

22    information or knowledge to form a belief as to the truth of the allegations contained in paragraph 28,

23    and denies each and every allegation contained therein on that basis.

24    31.    Responding to the allegations contained in paragraph 29, the City admits that the Fifth

25    Amendment to the United States Constitution exists, and that its terms speak for themselves.  The

26    remaining allegations of paragraph 29 contain legal conclusions to which no response is necessary

27    and the City denies each and every remaining allegation contained therein on that basis.

28

32.     Responding to the allegations contained in paragraph 32, the City denies each and every remaining allegation of paragraph 32.

33.     Responding to the allegations contained in paragraph 31, the City denies each and every remaining allegation of paragraph 31.

### THIRD CLAIM FOR RELIEF
### (Injunctive Relief)

34.     Responding to the allegations contained in paragraph 32, the City refers to and incorporates herein by reference as though fully set forth the City's responses in paragraphs 1 through 31 of this Answer.

35.     Responding to the allegations contained in paragraph 33, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 33, and denies each and every allegation contained therein on that basis.

36.     Responding to the allegations contained in paragraph 34, the City admits that the First Amendment to the United States Constitution exists, and that its terms speak for themselves.  The remaining allegations of paragraph 34 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

37.     Responding to the allegations contained in paragraph 35, the City denies each and every remaining allegation of paragraph 35.

38.     Responding to the allegations contained in paragraph 36, the City denies each and every remaining allegation of paragraph 36.

39.     Responding to the allegations contained in paragraph 37, the City denies each and every remaining allegation of paragraph 37.

### FOURTH CLAIM FOR RELIEF
### (Deprivation of Civil Rights)

40.     Responding to the allegations contained in paragraph 38, the City refers to and incorporates herein by reference as though fully set forth the City's responses in paragraphs 1 through 37 of this Answer.

41.     Responding to the allegations contained in paragraph 39, the City admits that the First, Fifth and Fourteenth Amendments to the United States Constitution exists, and that their terms speak for themselves.  The remaining allegations of paragraph 39 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

42.     Responding to the allegations contained in paragraph 40 the City admits that Article 6 is part of the San Francisco Planning Code and that the City acts in accordance with all applicable local, state and federal laws.  The remaining allegations of paragraph 40 contain legal conclusions to which no response is necessary and the City denies each and every remaining allegation contained therein on that basis.

43.     Responding to the allegations contained in paragraph 41, the City denies each and every allegation of paragraph 41.

44.     Responding to the allegations contained in paragraph 42, the City denies each and every allegation of paragraph 42.

**RESPONSE TO METRO FUEL'S PRAYER FOR RELIEF**

1.     Answering the allegations contained in the entirety of Metro Fuel's prayer for relief, the City denies that Metro Fuel is entitled to the relief sought in the Complaint or to any relief.

2.     The City asserts that any allegation of the complaint not expressly admitted above is hereby denied or denied on the basis that the City lacks sufficient information with which to admit or deny any such allegation.

**DEMAND FOR JURY TRIAL**

The City hereby demands trial by jury on all causes for which trial by jury is proper.

**SEPARATE, DISTINCT, AND AFFIRMATIVE DEFENSES**
**FIRST AFFIRMATIVE DEFENSE**
**(Subject Matter Jurisdiction)**

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation contained therein, whether considered singly or in any combination, is

1  barred because this Court lacks subject matter jurisdiction over the claims alleged in Metro Fuel's

2  Complaint.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation contained therein, whether considered singly or in any combination, fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Case or Controversy)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation contained therein, whether considered singly or in any combination, does not present a case or controversy.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

As a separate and affirmative defense to the Complaint, the City alleges that Metro Fuel lacks standing to bring this Complaint and each claim contained in it.

### FIFTH AFFIRMATIVE DEFENSE
### (Ripeness)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, fails because Metro Fuel's claims, and each of them, are unripe and/or premature, such that any claim for relief Plaintiffs may have is barred by law.

### SIXTH AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred under the doctrines of res judicata and collateral estoppel.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SEVENTH AFFIRMATIVE DEFENSE
### (Exhaustion of Remedies)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred, because Metro Fuel has failed to exhaust available administrative and other state remedies.

### EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred by the applicable statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE
### (Waiver/Estoppel)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred under the doctrines of waiver and estoppel.

### TENTH AFFIRMATIVE DEFENSE
### (Separation of Powers)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred under the separation of powers doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Comply with California Government Claims Act)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred, because Metro Fuel has failed to comply in a timely manner with all relevant sections of the California Government Claims Act.

### TWELFTH AFFIRMATIVE DEFENSE
### (Good Faith)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, fails because the City and its employees, agents, and officials acted with both subjective and objective good faith and without malice, such that any claim for relief Metro Fuel may have is barred by law.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Privilege/Justification)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, fail because the conduct of the City and its employees, agents, and officials was at all material times herein privileged and/or justified under applicable law, such that any claim for relief Metro Fuel may have is barred by law.

### ADDITIONAL AFFIRMATIVE DEFENSES

The City presently has insufficient knowledge or information on which to form a belief as to whether it may additional, as yet unstated, defenses available. The City reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, the City prays for judgment as follows:

1.    That Metro Fuel takes nothing by its Complaint.

2.    The Complaint be dismissed with prejudice and judgment entered in favor of the City.

3.    That the City be awarded attorneys' fees and costs incurred in this action.

4.    For such other and further relief as the Court may deem just.

Dated: February 4, 2008

DENNIS J. HERRERA
City Attorney
KRISTEN A. JENSEN
THOMAS S. LAKRITZ
Deputy City Attorneys

By: _____/s/_____
THOMAS S. LAKRITZ
Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO