PAUL E. FISHER, State Bar #125309
The Law Offices of Paul E. Fisher
537 Newport Center Dr., #289
Newport Beach CA  92660
Telephone:     (949) 675-5619
Facsimile:      (949) 675-5641

Attorneys for Plaintiff
METRO FUEL LLC


DENNIS J. HERRERA, State Bar #139669
City Attorney
KRISTEN A. JENSEN, State Bar #130196
THOMAS S. LAKRITZ, State Bar #161234
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102
Telephone:     (415) 554-6547
Facsimile:      (415) 554-4747
E-Mail:          tom.lakritz@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO FUEL LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF SAN FRANCISCO, a municipal corporation, COUNTY OF SAN FRANCISCO, a subdivision of the State of California, CITY AND COUNTY OF SAN FRANCISCO, a chartered California city and county and DOE 1 through DOE 10,<br><br>　　　　　　Defendants. | Case No. C07-6067 JSW<br><br>The Honorable Jeffrey S. White<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:　　March 14, 2008<br>Time:　　　　　　1:30 P.M.<br>Place:　　　　　　Courtroom 2, 15th Fl. |

1. <u>Jurisdiction and Service:</u>

Plaintiff invokes the Court's jurisdiction on the basis of the existence of a federal question and deprivation of civil rights pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Plaintiff also brings this action under the Civil Rights Act, 42 U.S.C. § 1983, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

Venue in this district is proper under 28 U.S.C. § 1391(b) in that the claims asserted in this Complaint arose in the Northern District of California.

Defendant does not object to service and no parties remain to be served at this time.

2. <u>Facts:</u>

<u>Plaintiff alleges:</u>

Plaintiff alleges that it has numerous existing off-site advertising displays in the City and County of San Francisco (the "City") and has leased sites for additional signs. Plaintiff also alleges that the City has enacted a series of regulations which effect the erection and maintenance of all within the City and County (hereinafter the "Sign Code").

Plaintiff alleges that the Sign Ordinance in general permits numerous types of on-site signs to be erected within the City and County, but contains an express prohibition on all new off-site signs, which it denominates "general advertising signs." Plaintiff contends that this action by the City favors commercial over non-commercial speech.

In addition to the foregoing, Plaintiff alleges that while Defendants have enacted a ban on all new general advertising signs, they have granted themselves an exemption to allow the placement of similar signs on public sidewalks and other public property in numerous locations. In fact, Plaintiff alleges that while banning all private general advertising signs, the City has granted itself and exemption to allow its contractors to place similar signs on public rights-of-way in exchange for which Defendants receive compensation.

In addition to the foregoing, Plaintiff alleges that Defendants enacted Resolution No. 060366 adding to their laws § 604.2 (the "Ordinance"), requiring companies and individuals maintaining general advertising signs to submit to Defendants a wide variety of information regarding such signs.

Plaintiff alleges that by requiring sign companies to provide such detailed information to Defendants, the City is requiring Plaintiff to violate their Fifth Amendment rights against self-incrimination, because the Sign Code defines general advertising signs maintained without permits are unlawful and constitutes a misdemeanor.  Furthermore, the Sign Code provides that failure to divulge the information punishes the sign companies by destroying any vested rights that legal non-conforming signs may have previously enjoyed.

In addition to the foregoing, Plaintiff alleges that the City's current Sign Code does not provide adequate objective guidelines for determining whether speech is on-site or off-site.  Accordingly, Plaintiff alleges that the City inspectors are granted unbridled discretion to make this decision, the determination as to whether a particular sign constitutes on-site speech or off-site speech is dispositive as to whether such speech is allowed.

Plaintiff alleges that they are the owners of numerous existing sites within the City and that they have vested rights to place signs at these locations, although the City seeks to prohibit such action based on the ban on general advertising signs.

Plaintiff alleges that such conduct abridges its rights secured by the First, Fifth and Fourteenth Amendments of the United States Constitution, Article I, §§ 2 and 4 of the California Constitution and other constitutional rights, privileges and immunities.

<u>Defendant alleges:</u>

In 2002, San Francisco voters passed Proposition G, codified at Planning Code section 611, which prohibited the erection of new billboards anywhere in San Francisco.  (S.F. Planning Code § 611(a).)  As part of Proposition G, voters determined that "[g]eneral advertising signs contribute to blight and visual clutter as well as the commercialization of public spaces within [San Francisco]" (S.F. Planning Code section 611(f)(2) and that "San Francisco must protect the character and dignity of the City's distinctive appearance . . . for both residents and visitors" by prohibiting new general advertising signs (S.F. Planning Code section 611 (f)(4.)).

/ / /

/ / /

/ / /

     Although Proposition G prohibited the erection of new billboards in San Francisco, it does not prohibit the placement of signs "in the public right of way as permitted by local law." (S.F. Planning Code § 611(c).) San Francisco has entered into a number of contracts for the placement of general advertising and other signs in the public right of way.

     In order to enforce Proposition G and insure that all billboards in San Francisco comply with comprehensive regulations found in Article 6 of the San Francisco Planning Code, the San Francisco Board of Supervisors enacted Planning Code section 604.2 in June 2006. Section 604.2 required billboard companies doing business in San Francisco to submit a list of all of their billboards located in San Francisco to submit a list of all of their billboards located in San Francisco along with comprehensive information about each of those billboards. (S.F. Planning Code § 604.2)

     3.    <u>Legal Issues</u>:

     Plaintiff alleges:

     Whether the City's current sign regulations are constitutional under the First, Fifth and Fourteenth Amendment to the United States Constitution and Article §§ 1, 2 and 7 of the California Constitution. Plaintiff contends the following:

     (a)    The Sign Ordinance impermissibly discriminates in favor of commercial speech, which is permitted on premises, over non-commercial speech, which is generally prohibited or severely restricted;

     (b)    The Sign Ordinance impermissibly distinguishes between sign messages based on their content without any compelling government interest and by means that are not narrowly drawn;

     (c)    The Sign Ordinance constitutes an unlawful prior restraint of speech by regulating speech based on its content;

     (d)    The Sign Ordinance denies Plaintiffs equal protection of the laws in that it deprives Plaintiffs of the same free speech rights that identical land owners are allowed for on premises signs and off-site signs approved by the City; and

///

///

    (e)  The Sign Ordinance vests virtually unfettered discretion in City officials to deny applications for signs.

Defendant alleges:

Article 6 of the San Francisco Planning Code is a constitutional restriction of general advertising signs under Metromedia, Inc. v. City of San Diego, 453 U.S. 490 (1981) and Central Hudson Gas & Electric Corp. v. Public Service Comm'n, 447 U.S. 557 (1980). Moreover, Article 6 of the San Francisco Planning Code is rationally related to a legitimate governmental purpose and, therefore, does not violate the 14th Amendment to the U.S. Constitution.

  4.  <u>Motions</u>:

Plaintiff anticipates filing a motion for preliminary injunction, as the City has now issued citations demanding that it cease displaying messages at some of the sites involved in this litigation. The parties do not anticipate that there is any substantial likelihood of motions to add any other parties or to transfer venue.

Defendant will be filing a motion for judgment on the pleadings after the first case management conference. If necessary, Defendant will file a motion for summary judgment.

  5.  <u>Amendment of Pleadings</u>:

The parties do not anticipate amending the pleadings.

  6.  <u>Evidence Preservation</u>:

The parties affirm that they have taken all reasonable steps to preserve any evidence in this case, including interdiction of any document destruction program and any ongoing erasures of emails, and other electronically recorded material.

  7.  <u>Disclosures</u>:

Plaintiff has disclosed to counsel for Defendant the basis for its claim that the current ban on off-site advertising (what are termed "general advertising signs" in Defendant's current ordinance) is unconstitutional both facially and as-applied. Part of the basis of Plaintiff's claim is that while banning signs from private property, Defendant has actually substantially increased the total number of off-site advertising signs by allowing their placement of public property through its contracts with various media companies, including JC Decaux and Clear Channel Outdoor, Inc. Plaintiff contends

that the entry into such contracts while at the same time banning all such signs on private property and taking steps to enforce the ban through the threat of criminal prosecution violates its constitutional rights as described in the Complaint. Defendants have agreed to provide Plaintiff with copies of contracts that the City has entered into regarding placement of advertising in the public right of way.

Defendant has requested a list of signs and their locations for each sign Plaintiff has in San Francisco. Defendant has also requested that Plaintiff provide Defendant with copies of any notices of violation issued by the City and County of San Francisco for signs owned by Plaintiff in San Francisco. Plaintiff has agreed to provide Defendant with these documents.

Plaintiff and Defendant have agreed and hereby stipulate to file their Fed. R. Civ. P. 26 disclosures within 10 days of entry of the Court's order on Defendant's motion for judgment on the pleadings.

8. Discovery:

Neither party has conducted any discovery, although Plaintiff have been conducting their own private inspection of various signs Defendant has allowed to be placed on public rights-of-way and have obtained from City and County records copies of various citations and other documents related to alleged violations of the Sign Code.

Plaintiff intends to propound interrogatories, requests for admissions, requests for production of documents within the next 45 days. Plaintiff will also notice the deposition of the person most knowledgeable at the City and County of San Francisco regarding a number of matters, including the City and County's entry into contracts with private parties to allow the placement of signs on municipal property.

In the event the Court does not grant Defendant's motion for judgment on the pleadings, Defendant intends to conduct written depositions (interrogatories, requests for admission and request for production of documents) and notice depositions. Defendant is unaware of any need for specialized or supplemental rules of discovery in this action.

///

///

9. <u>Class Actions:</u>

This is not presently a class action.

10. <u>Related Cases:</u>

There are no related cases.

11. <u>Relief:</u>

Plaintiff contends that it has lost revenues of more than $5,000,000 as the result of the City's conduct. Furthermore, Plaintiff will seek to recover attorneys' fees under 42 U.S.C. § 1988.

Plaintiff also seeks a judicial declaration and decree that the Sign Ordinance is unconstitutional on its face and as applied to Plaintiff because it violates rights secured by the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 2 and 7 of the California Constitution.

Furthermore, Plaintiff seeks a judicial declaration and decree that the Sign Ordinance is unconstitutional on its face and as applied to Plaintiff because it violates rights secured by the Fifth and Amendment to the United States Constitution.

Plaintiff also seeks a preliminary and permanent injunction restraining Defendant and its agents, employees, representatives, successors, and all persons acting in concert with it, from enforcing the provisions of the City's Sign Ordinance, from attempting to or threatening to coerce the removal of Plaintiff's signs, from interfering with or attempting to interfere with Plaintiff's use and enjoyment of the above-described signs, and from otherwise interfering with or preventing Plaintiff from erecting and maintaining the signs described above or any other off-premises signs inside the City limits which are within areas zoned for industrial or commercial use and which otherwise conform with City, County and State zoning laws.

Plaintiff further requests general damages in an amount according to proof at trial, reasonable attorneys' fees, for costs of suit herein and for such other and further relief as the Court may deem just and proper.

Defendant asserts that Plaintiff is not entitled to any relief. Defendant has not pleaded any counterclaims.

/ / /

12. <u>Settlement and ADR:</u>

The parties have not yet begun settlement discussions, although Plaintiff has suggested to Defendant a stand-still agreement that might alleviate the necessity of a motion for preliminary injunction. In response, the City states that they may file a motion to dismiss to see whether it can dispose of all or part of Plaintiff's complaint.

Defendant believes that this case is a poor candidate for ADR because Plaintiff's claim is legal in nature.

13. <u>Consent to Magistrate Judge For All Purposes:</u>

Defendant declined to consent to the assignment of this case to a Magistrate Judge and the case has been assigned to a United States District Judge.

14. <u>Other References:</u>

This case is not suitable for reference to binding arbitration, a special master or the judicial panel on multi-district litigation.

15. <u>Narrowing of Issues:</u>

Plaintiff is presently unaware of any issues that can be narrowed by agreement or by motion and make no request to bifurcate the issues, claims or defenses. Defendant intends to file a motion for judgment on the pleadings after the first case management conference. Both parties intend to file motions for summary judgment.

16. <u>Expedited Schedule:</u>

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling:</u>

The parties anticipate that this matter will likely be disposed of by cross-motions for summary judgment. The anticipated cross-motions for summary judgment will deal with the issue of the constitutionality of the City's current sign regulations under both a First Amendment analysis, as well as an equal protection claim. However, if Plaintiff is successful in proving the unconstitutionality of

///

///

1  the sign ordinance by summary adjudication, a trial may be necessary regarding the amount of
2  damages claimed.
3      A proposed discovery cut-off date of April, 2009 and motion cut-off date of June, 2009 is
4  anticipated.
5      If trial is necessary, the parties propose the following schedule of discovery and motion
6  deadlines for trial:

| | |
|---|---|
| DiscoveryCutoff | June 23, 2009 |
| Expert Disclosure | June 23, 2009 |
| Expert Discovery Cutoff | July 24, 2009 |
| Last day for filing dispositive motions | June 30, 2009 |
| Last day for hearing on dispositive motions | August 21, 2009 |
| Pretrial Conference | Week of September 28, 2009 |
| Trial | October 26, 2009 |

14      18.    <u>Trial:</u>
15  Plaintiff requests that this matter proceeds by jury trial and estimates a trial time of ten days.
16  Plaintiff estimates that it will call between five and ten witnesses.
17      Defendant also request that this matter proceed by jury and estimate a trial time of ten to
18  fifteen days.
19      19.    <u>Disclosure of Non-party Interested Entities or Persons:</u>
20  Plaintiff has filed the "Certification of Interested Entities or Persons."
21  Plaintiff states that other than the named parties, there are no other persons, firms,
22  partnerships, corporations or other entities known by the parties to have either: (i) a financial interest
23  in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest
24  that could be substantially affected by the outcome of the proceeding.
25  / / /
26  / / /
27  / / /
28  / / /

JOINT CASE MANAGEMENT STATEMENT     9     n:\land\li2008\080804\00470716.doc
USDC No. C07-6067 JSW

20. <u>Other Matters:</u>

None

Date: March 7, 2008                                LAW OFFICE OF PAUL E. FISHER


By:_____/S/_____.
           PAUL E. FISHER

Attorneys for Plaintiff METRO FUEL LLC.


Date: March 7, 2008                                DENNIS J. HERRERA, City Attorney
                                                   KRISTEN A. JENSEN
                                                   THOMAS S. LAKRITZ


By:_____/S/_____.
           THOMAS S. LAKRITZ

Attorneys for Defendant CITY AND COUNTY
OF SAN FRANCISCO

**SIGNATURE ATTESTATION**

(U.S.D.C. N.D. Cal. General Order 45, Section X.B.)

Concurrence in the filing of this document has been obtained from each other signatory, or from the single signatory, in compliance with General Order 45, Section X.B.

Dated:  March 7, 2008
                DENNIS J. HERRERA
                City Attorney
                KRISTEN A. JENSEN
                THOMAS S. LAKRITZ
                Deputy City Attorneys

By:_____/S/_____.
     THOMAS S. LAKRITZ

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

**[PROPOSED] CASE MANAGEMENT ORDER**

The Case Management Conference Statement of the parties is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. The Court further orders:

IT IS SO ORDERED:

Dated:_____    By:_____.
                                                                      HONORABLE JEFFREY S. WHITE
                                                                      United States District Court Judge