# EXHIBIT B

# Outdoor Commercial Advertising 

## PROPOSITION G

Shall the City prohibit new outdoor commercial advertising signs and regulate relocation of existing outdoor commercial advertising signs?

YES 
NO 

## Digest
### by Ballot Simplification Committee

**THE WAY IT IS NOW:** The City regulates the display of outdoor commercial signs. Signs that advertise goods or services sold somewhere other than where the sign is displayed, called "general advertising signs," are permitted in some locations in the City. These signs are commonly called billboards.

**THE PROPOSAL:** Proposition G is a City ordinance that would prohibit additional general advertising signs. This ordinance would allow existing general advertising signs to be moved to a new location, if current law permitted these signs at the new location. A public hearing would be required before a sign could be moved.

**A "YES" VOTE MEANS:** If you vote yes, you want to prohibit additional general advertising signs and regulate relocation of existing general advertising signs.

**A "NO" VOTE MEANS:** If you vote no, you do not want to prohibit additional general advertising signs and regulate relocation of existing general advertising signs.

## Controller's Statement on "G"

City Controller Edward Harrington has issued the following statement on the fiscal impact of Proposition G:

Should the proposed initiative ordinance be approved by the voters, in my opinion, there would be no significant increase in the cost of government.

## How "G" Got on the Ballot

On December 4, 2001 the Department of Elections received a proposed ordinance signed by Supervisors Ammiano, Gonzalez, Leno, McGoldrick, and Peskin.

The City Elections Code allows four or more Supervisors to place an ordinance on the ballot in this manner.

**THIS MEASURE REQUIRES 50%+1 AFFIRMATIVE VOTES TO PASS.**

ARGUMENTS FOR AND AGAINST THIS MEASURE IMMEDIATELY FOLLOW THIS PAGE. THE FULL TEXT BEGINS ON PAGE 102
SOME OF THE WORDS USED IN THE BALLOT DIGEST ARE EXPLAINED ON PAGE 36

# **G** Outdoor Commercial Advertising



## PROPONENT'S ARGUMENT IN FAVOR OF PROPOSITION G

YES ON PROP G: KEEP SAN FRANCISCO BEAUTIFUL BY LIMITING NEW BILLBOARDS

San Francisco is one of the most unique and beautiful cities in the world, but it is losing its character as more billboards pollute our streets and neighborhoods every day.

In the last decade, hundreds of billboards, technically called general advertising signs, have been slapped up across the City's neighborhoods: on the side of buildings, plastered next to shop windows, and stacked one-after-another on major streets. Due to new technology, billboard companies can erect signs anywhere quickly, easily and cheaply. Today, about 1,500 billboards blanket our city, and there is no limit on how many there will be tomorrow.

That's why we need Proposition G. It would prohibit the construction of additional billboards in the City. It also would allow existing billboards to be moved to other locations through a public hearing process, which would mean less abandoned billboards.

San Francisco is behind the times in limiting billboards. More than 600 US cities – including San Jose, San Diego, Denver and Seattle – and six States have protected their environment by prohibiting new billboards.

**Prop G protects our diverse neighborhoods and beautiful parks.** It halts the invasion of billboards that bombard residents' daily lives, block views, and cover historic buildings.

**Prop G limits over-commercialization of our public space.** It protects our public streets, plazas, and parks from being overrun by blatant commercial messages.

**San Francisco finally has an opportunity to do what other great US cities did years ago: protect our landscape from more visual blight.** Please join Senator Dianne Feinstein, Assemblymembers Carole Migden and Kevin Shelley, San Francisco Beautiful, the League of Conservation Voters, and the Coalition for San Francisco Neighborhoods in supporting Prop. G to limit new billboards.

*Supervisor Aaron Peskin*
*Supervisor Tom Ammiano*
*Supervisor Jake McGoldrick*
*Supervisor Mark Leno*
*Supervisor Matt Gonzalez*

## REBUTTAL TO PROPONENT'S ARGUMENT IN FAVOR OF PROPOSITION G

BAY AREA LINCOLN LEAGUE ("BALL") CENTRAL COMMITTEE NOMINEES OPPOSE PROPOSITION G.
  BALL is AGAINST PROPOSITION G
(unnecessary banning of billboards).
  Also read **REBUTTAL OF PROPOSITION B OPPONENT** (above).
  Vote AGAINST PROPOSITION G.

*-Dr. Terence Faulkner*
Past State Secretary
California Republican County
  Chairmen's Association

*-Gail Neira*
Republican State
Assembly Candidate

-Republican Committee Candidates:
12th District:
*Olive Fox*
*Denis Norrington* (Incumbent)
*Les Payne* (Incumbent)

13th District:
*Shirley Bates*
*Wayne Chan*
*Eve Del Castello*
*Joe Giuliani*

*-Dr. Ronald Konopaski*
Republican Volunteer

**Arguments printed on this page are the opinion of the authors and have not been checked for accuracy by any official agency.**

# Outdoor Commercial Advertising 

## OPPONENT'S ARGUMENT AGAINST PROPOSITION G

**SAN FRANCISCO REPUBLICAN COUNTY CENTRAL COMMITTEE OPPOSES UNFAIR PROPOSITION G:**

Backed by many of the City's existing billboard firms, Proposition G has a goal of halting new outdoor advertising signs.

Frankly, the existing ad companies want to restrict the San Francisco billboard market. The want to keep new advertising agencies out of the City.

On December 13, 2001, the San Francisco Republican County Central Committee passed a resolution against Proposition G

Proposition G has little or nothing to do with the environment. Market control and owners' property rights are the key issues connected with Proposition G.

Vote "NO" on Proposition G.

Proposition G is about restraint of trade and the Sherman Anti-Trust Act.

*-Citizens Against Tax Waste.*

*-Dr. Terence Faulkner, J.D.*
Former California Republican Party Executive Committee

## REBUTTAL TO OPPONENT'S ARGUMENT AGAINST PROPOSITION G

**Local leaders, neighborhood groups and environmental organizations agree:**
**Vote YES on Prop G.**

Proposition G, which would limit additional billboards in San Francisco, is championed by community groups that are dedicated to protecting San Francisco's beauty and unique character. This effort to protect the city's character has been *opposed* by the billboard industry, which has profited from the sharp increase in billboards over the last decade. In the last year, a broad range of community groups and elected officials came together to put Prop. G on the ballot to halt this alarming increase in billboards.

The Republican Party, the only known group opposing the measure to date, brings up strange arguments against Prop. G such as the "Sherman Anti-Trust Act" and "market controls." The Republicans are trying to confuse a very simple issue:

whether San Franciscans want to limit more billboards and thereby protect the beauty and uniqueness of our city.

Proposition G will make our city a better place to live: It will halt visual blight, protect the integrity of our neighborhoods, and limit the over-commercialization of our public space.

That's why the League of Conservation Voters, the San Francisco Planning and Urban Research Association (SPUR), the Coalition for San Francisco Neighborhoods, the Neighborhood Parks Council and San Francisco Tomorrow agree vote YES on Prop. G!

*Dee Dee Workman*
Executive Director, San Francisco Beautiful

**Arguments printed on this page are the opinion of the authors and have not been checked for accuracy by any official agency.**



# Outdoor Commercial Advertising

## PAID ARGUMENTS IN FAVOR OF PROPOSITION G

**No New Billboards**

Now is the time to take a stand against visual blight. San Francisco's historic buildings, scenic views and distinctive neighborhoods are being overrun by huge new billboards. These intrusive advertisements hang over parks and homes and block our views. This measure will ban the construction of new billboards and allow for neighborhoods to request the relocation of existing ones. More than 600 cities have passed similar laws to protect the unique character of their neighborhoods. San Francisco deserves no less. Vote yes on Proposition G.
www.spur.org

*SPUR (San Francisco Planning and Urban Research Association)*

The true source of funds used for the printing fee of this argument is the SPUR Urban Issues Committee.

The three largest contributors to the true source recipient committee are: 1. Jim Chappell 2. Frankie Lee 3. John Weeden.

**Keep San Francisco Beautiful - No New Billboards!**

San Francisco Beautiful is dedicated to protecting the unique beauty and livability of San Francisco. We feel so strongly about our mission that we worked to put Proposition G on the ballot.

Over the last few years there has been a dramatic increase in general advertising billboards, particularly the massive wallscapes that cover entire sides of buildings. Billboards are urban blight. They command our attention without our consent, robbing us of the right to see the beautiful city we live in. They impede our views, encroach on our parks and playgrounds and destroy the distinctive qualities that make our city and its individual neighborhoods unique.

ENOUGH IS ENOUGH! Proposition G will protect the visual beauty of San Francisco, protect our quality of life and limit further over-commercialization of our public space.

More than 600 US cities have made the commitment to protect the character of their communities by prohibiting new billboards. Isn't it time San Francisco did the same? Vote yes on Proposition G!

*San Francisco Beautiful*
*Dee Dee Workman*, Executive Director

The true source of funds used for the printing fee of this argument is San Francisco Beautiful.

The Neighborhood Parks Council supports a ban on new billboards in San Francisco. This is a quality of life issue for citizens as advertising impedes our enjoyment of parks and open spaces. San Francisco is world renowned for its beautiful vistas - let's keep it that way!

*The Neighborhood Parks Council*

The true source of funds used for the printing fee of this argument is the Neighborhood Parks Council.

**No New Billboards!**

The Planning Association for the Richmond (PAR) supports a ban on the construction of new billboards in San Francisco. PAR, the largest neighborhood association in San Francisco, represents Richmond District residents who value the district's unique character.

The explosion of billboards in our community and others is a direct threat to our quality of life. San Francisco is a city that values its natural beauty. Now is the time to protect our City's visual heritage by saying no to additional billboards in our City. Vote yes on Proposition G!

*Planning Association for the Richmond (PAR)*
*Ron Miguel*

The true source of funds used for the printing fee of this argument is the Planning Association for the Richmond (PAR).

This modest proposal will freeze the number of general advertising signs in the City.

*Joel Ventresca*
Sunset District 4 Supervisor Candidate (November 2002)
City and County of San Francisco Environmental Commissioner (1994-97)

The true source of funds for the printing fee of this argument is Ventresca for Supervisor.

The largest contributor to the true source recipient committee is Joel Ventresca.

---

Arguments printed on this page are the opinion of the authors and have not been checked for accuracy by any official agency.

# Outdoor Commercial Advertising 

## PAID ARGUMENTS IN FAVOR OF PROPOSITION G

San Francisco Tomorrow supports Proposition G. It will improve our urban environment by stemming the visual pollution caused by the proliferation of billboards.
   VOTE YES ON G!

*San Francisco Tomorrow*

The true source of funds used for the printing fee of this argument is San Francisco Tomorrow.

---

**The San Francisco Democratic Party supports Proposition G.**

*Wade Crowfoot*
Secretary, SF Democratic Central Committee

The true source of funds used for the printing fee of this argument is Wade Crowfoot.

---

Billboards do not enhance San Francisco's neighborhoods. They are visual pollution.
   VOTE YES ON G and protect our communities from new billboards!

*Rosabella Safont*
Board President
Mission Economic Development Association (MEDA)

The true source of funds used for the printing fee of this argument is San Francisco Beautiful – No New Billboards Committee.

The three largest contributors to the true source recipient committee are: 1. San Francisco Beautiful 2. Bud Friese 3. Marilyn Duffey.

---

**Telegraph Hill Dwellers Says Yes on Proposition G!**
   As a neighborhood organization with a long history of protecting the character of one of San Francisco's most picturesque neighborhoods, we strongly support Proposition G. Vote yes on Proposition G!

*Telegraph Hill Dwellers*

The true source of funds used for the printing fee of this argument is the Telegraph Hill Dwellers.

---

**Preserve Our Neighborhoods - No New Billboards**
   San Francisco's distinct neighborhoods are under attack from advertisers eager to take advantage of our remaining individuality. Now is the time to take a stand against this kind of visual blight. Proposition G will ban the construction of new billboards and allow for neighborhoods to be involved in the process of relocating existing ones. More than 600 cities have passed similar laws to protect the unique character of their neighborhoods. San Francisco deserves no less. As an organization representing the voices of more than 33 neighborhood groups, we unanimously support a Yes vote on Proposition G.

*Coalition for San Francisco Neighborhoods*

The true source of funds used for the printing fee of this argument is the Coalition for San Francisco Neighborhoods.

---

**North Beach Neighbors Supports Proposition G!**
   North Beach Neighbors urges San Franciscans to vote Yes on Proposition G. San Francisco's historic buildings and distinctive neighborhoods are being overrun by huge billboards that are out of scale and character with the surrounding area. Proposition G will prohibit the construction of new billboards and allow for neighborhoods to be involved in the process of relocating existing ones. We urge voters to help San Francisco join the ranks of the more than 600 cities that have already passed similar laws to protect the unique character of their neighborhoods. Vote yes on Proposition G!

*North Beach Neighbors*

The true source of funds used for the printing fee of this argument is San Francisco Beautiful – No New Billboards Committee.

The three largest contributors to the true source recipient committee are: 1. San Francisco Beautiful 2. Bob Friese 3. Marilyn Duffey.

---

This initiative would limit commercial advertising without infringing on political speech and would protect San Francisco from the visual pollution of huge advertisements that detract from the city's awesome beauty.

*San Francisco Green Party*

The true source of funds used for the printing fee of this argument is the San Francisco Green Party.

The three largest contributors to the true source recipient committee are: 1. Dave Heller 2. John-Marc Chandonia 3. Berry Hermanson.

---

**Arguments printed on this page are the opinion of the authors and have not been checked for accuracy by any official agency.**

#  Outdoor Commercial Advertising

## PAID ARGUMENTS IN FAVOR OF PROPOSITION G

It's time to prohibit construction of new billboards in San Francisco! Our marvelous skylines and scenic vistas are cluttered with billboards. SPEAK deplores over-commercialization of our public space. VOTE "Yes" on G.

*SPEAK Sunset-Parkside Education and Action Committee*

The true source of funds used for the printing fee of this argument is SPEAK (Sunset-Parkside Education and Action Committee).

---

Preserve the beauty of San Francisco. Stop the growing billboard eyesore. Vote YES on G.

*Jane Morrison*
Vice Chair, San Francisco Democratic Party

The true source of funds used for the printing fee of this argument is Jane Morrison.

---

Billboards belong in little cities with nothing to say.
Let our skyline be our statement that San Francisco is no longer for sale to the highest bidder.
Vote Yes on Proposition G.

*Michael R. Farrah Jr.*
Candidate, 12th Assembly District Democratic County Central Committee

The true source of funds used for the printing fee of this argument is Michael R. Farrah, Jr.

---

San Francisco doesn't belong on a sign. Proposition G will preserve the beauty of our neighborhoods.

*Jeff Adachi*
Candidate for Public Defender

The true source of funds used for the printing fee of this argument is Adachi for Public Defender.

The three largest contributors to the true source recipient committee are: 1. Peter Keane 2. Esther Marks 3. John Woo.

---

**Arguments printed on this page are the opinion of the authors and have not been checked for accuracy by any official agency.**

# Outdoor Commercial Advertising 

## PAID ARGUMENTS AGAINST PROPOSITION G

VOTE NO ON PROPOSITION G.

The San Francisco Republican Party opposes visual pollution. We also oppose monopolies.

Proposition G would unfairly restrict the outdoor advertising market to a select few companies. Better application of existing laws will solve the problem of unwanted billboards.

*San Francisco Republican Party*
*Donald A. Casper*, Chairman
*Cynthia Amelon*
*Elsa Cheung*, Vice-Chair
*Mike DeNunzio*, Vice-Chair
*Howard Epstein*, Assembly Candidate
*Terence Faulkner*
*Sue Woods*

The true source of funds for the printing fee of this argument are the San Francisco Republican County Central Committee and the above signers.

The three largest contributors to the true source recipient committee are: 1. San Francisco Coalition for Affordable Public Services 2. Alfreda Cullinan 3. Sally L. Saunders.

**Arguments printed on this page are the opinion of the authors and have not been checked for accuracy by any official agency.**

# TEXT OF PROPOSED INITIATIVE ORDINANCE
# PROPOSITION G

Initiative Ordinance adding Section 611 to the Planning Code and amending Section 602.7 of the Planning Code to prohibit all new general advertising signs, and to provide for appropriate general advertising sign relocation agreements.

Note: Additions are _single-underline italics Times Roman_

Be it ordained by the People of the City and County of San Francisco:

Section 1. Findings
**_Preserving the City's Unique Character_**
_(a) General advertising is currently in, adjacent to, and visible from public and historically significant civic spaces including parks, public plazas, historic buildings and the waterfront._
_(b) City officials have received complaints from the public about the proliferation of general advertising signs in the City, about the commercialization of the City's public space, the increased size of vinyl signs which cover entire sides of buildings, as well as about general advertising signs placed on architecturally and historically significant buildings, all of which affect the quality of life in San Francisco, adding blight and clutter._
_(c) The City currently contains an ample supply of legally permitted general advertising signs._
_(d) The number of general advertising signs is increasing all over the City. Many areas of the City are saturated with general advertising signs. In these areas the general advertising signs are obtrusive, out of scale, and contribute to visual pollution and blight. As population, traffic and building trends grow and shift within the City, it is difficult to assess which areas of the City will be inundated with general advertising signs next._
_(e) Tourism, San Francisco's largest revenue generating industry, benefits from the preservation of the City's unique character, architecture and vistas. As general advertising signs become more and more a part of the City's landscape, its distinctive appearance is hidden and the character that tourists visit the City to experience is lost._
**_Safety_**
_(f) City officials and the public have expressed concern over the impact of the increasing volume of general advertising signs on traffic and pedestrian safety._
_(g) Signs identifying local services and businesses are often blocked or obscured by general advertising signs, a practice that confuses and distracts the public from finding those services and businesses._
_(h) Planning Code Section 601 identifies the need to reduce hazards such as signs which can distract motorists and pedestrians traveling on the public right of way and increase the potential for accidents, especially in congested parts of the City._
**_Existing Law_**
_(i) Planning Code Section 601 cites as among the special purposes for adopting sign regulation: safeguarding and enhancing of property values in residential, commercial and industrial areas, protecting the public investment in and the character and dignity of public buildings, open spaces and thoroughfares, and protecting the distinctive appearance of San Francisco produced by its unique geography, topography, street patterns, skyline and architectural features._
_(j) Furthermore, the controls on general advertising signs in Planning Code Article 6 are more than thirty-five years old and no longer adequately reflect the City's concerns regarding both visual clutter and traffic safety._
_(k) Objective 4, Policy 14, of the Urban Design Element of the City's General Plan recognizes that signs are a leading cause of street clutter and that the signs often are unrelated to the physical qualities of the buildings on which they are placed._
_(l) Objective 4, Policy 14, further states that where signs are large, garish and clashing, they lose their value as identification or advertising signs and merely offend the viewer and that while signs have an important place in an urban environment, they should be controlled in their size and location._
_(m) This ordinance does not require the removal of any lawfully erected general advertising signs. The City may also enter into agreements providing for the comparable relocation of existing lawfully erected general advertising signs to other locations where those signs could have been erected pursuant to the zoning laws in effect before the effective date of this ordinance._
_(n) The City recognizes the value of non-commercial signs as a means of providing the public with information and also acknowledges the need for appropriate recognition for organizations which support non-commercial signs. This ordinance is not intended to regulate non-commercial signs._

Section 2. The San Francisco Planning Code is hereby amended by adding Section 611, to read as follows:

**_Sec. 611    General Advertising Signs Prohibited_**
_(a)    No new general advertising signs shall be permitted at any location within the City as of March 5, 2002, except as provided in subsection (b) of this ordinance._
_(b)    Nothing in this ordinance shall be construed to prohibit the placement of signs on motor vehicles or in the public right of way as permitted by local law._
_(c)    Relocation Agreements_
_(1)    Nothing in this ordinance shall preclude the Board of Supervisors, upon recommendation from a department designated by the Board, from entering into agreements with general advertising sign companies to provide for the relocation of existing legally permitted general advertising signs. Any such agreements shall provide that the selection of a new location for an existing legally permitted general advertising sign be subject to the conditional use procedures provided for in Article 3 of the Planning Code._
_(2)    Locations where general advertising signs could have been lawfully erected pursuant to the zoning laws in effect prior to the effective date of this ordinance may be considered as relocation sites. Future zoning laws may additionally restrict the locations available for the relocation of existing legally permitted general advertising signs._
_(d)    Pursuant to subsection (c)(1) of this ordinance, the selection of a relocation site for an existing legally permitted general advertising sign shall be governed by the conditional use procedures of section 303 of the Planning Code._
_(e)    Nothing in this ordinance shall preclude the Board of Supervisors from otherwise amending Article 6 of the Planning Code._
_(f)    A prohibition on all new general advertising signs is necessary because:_
_(1)    The increased size and number of general advertising signs in the City can distract motorists and pedestrians traveling on the public right of way creating a public safety hazard._
_2)    General advertising signs contribute to blight and visual clutter as well as the commercialization of public spaces within the City._
_3)    There is a proliferation of general advertising signs visible from, on, and near historically significant buildings and districts, public buildings and open spaces all over the City._
_4)    San Francisco must protect the character and dignity of the City's distinctive appearance, topography, street patterns, open spaces, thoroughfares, skyline and architectural features for both residents and visitors._
_5)    There is currently an ample supply of general advertising signs within the City._

(Continued on next page)

## LEGAL TEXT OF PROPOSITION G (CONTINUED)

Section 3. The San Francisco Planning Code is hereby amended by amending Section 602.7, to read as follows:

### 602.7 General Advertising Sign

A sign, *legally erected prior to the effective date of Section 611 of this Code,* which directs attention to a business, commodity, industry or other activity which is sold, offered or conducted elsewhere than on the premises upon which sign is located, or to which it is affixed, and which is sold, offered or conducted on such premises only incidentally if at all.

### Section 4. Severability

If any provision of this ordinance or the application thereof to any person or circumstances is held invalid or unconstitutional, such invalidity or unconstitutionality shall not affect other provisions or applications or this ordinance which can be given effect without the invalid or unconstitutional provision or application. To this end, the provisions of this ordinance shall be deemed severable.

1