DENNIS J. HERRERA, State Bar #139669
City Attorney
KRISTEN A. JENSEN, State Bar #130196
THOMAS S. LAKRITZ, State Bar #161234
VICTORIA WONG, State Bar #214289
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102
Telephone:     (415) 554-6547
Facsimile:     (415) 554-4747
E-Mail:         tom.lakritz@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO FUEL LLC, a Delaware limited liability company, | Case No. C07-6067 JSW |
| Plaintiff, | **ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| CITY OF SAN FRANCISCO, a municipal corporation, COUNTY OF SAN FRANCISCO, a subdivision of the State of California, CITY AND COUNTY OF SAN FRANCISCO, a chartered California city and county and DOE 1 through DOE 10, | |
| Defendants. | |

Defendants the City and County of San Francisco, sued herein as the City of San Francisco, County of San Francisco, and City and County of San Francisco (collectively, "the City" or "San Francisco"), on behalf of itself and no other persons or entity, hereby responds to the unverified Amended Complaint and Demand for Jury Trial, filed on April 17, 2008, by plaintiff Metro Fuel, LLC ("Metro Fuel") ("Amended Complaint") as follows:

## NATURE OF THE CASE

1.     Responding to the allegations contained in paragraph 1, the City denies each and every allegation contained in paragraph 1.

2.     Responding to the allegations contained in paragraph 2, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 2, and denies each and every allegation contained therein on that basis.

3.     Responding to the allegations contained in paragraph 3, the City admits that in 2002, members of the Board of Supervisors ("the Board") sought to prohibit new general advertising signs as of March 5, 2002, and they placed Proposition G on the ballot.  Proposition G passed with almost 80% of the vote and was codified as San Francisco Planning Code § 611.  The City denies each and every remaining allegation contained in this paragraph 3.

4.     Responding to the allegations contained in paragraph 4, the City admits that the following findings were made when Proposition G was adopted:

### *Preserving the City's Unique Character*

(a)     General advertising is currently in, adjacent to, and visible from public and historically significant civic spaces including parks, public plazas, historic buildings and the waterfront.

(b)     City officials have received complaints from the public about the proliferation of general advertising signs in the City, about the commercialization of the City's public space, the increased size of vinyl signs which cover entire sides of buildings, as well as about general advertising signs placed on architecturally and historically significant buildings, all of which affect the quality of life in San Francisco, adding blight and clutter.

(c)     The City currently contains an amply supply of legally permitted general advertising signs.

(d)     The number of general advertising signs is increasing all over the City. Many areas of the City are saturated with general advertising signs.  In these areas the general advertisings signs are obtrusive, out of scale, and contribute to visual pollution and blight.  As population, traffic and building trends grow and shift within the City, it is difficult to assess which areas of the City will be inundated with general advertising signs next.

(e)     Tourism, San Francisco's largest revenue generating industry, benefits from the preservation of the City's unique character, architecture and vistas. As general advertising signs become more and more a part of the City's landscape, its distinctive appearance is hidden and the character that tourists visit the City to experience is lost.

***Safety***

(f)    City officials and the public have expressed concern over the impact of the increasing volume of general advertising signs on traffic and pedestrian safety.

(g)    Signs identifying local services and businesses are often blocked or obscured by general advertising signs, a practice that confuses and distracts the public from finding those services and businesses.

(h)    Planning Code Section 601 identifies the need to reduce hazards such as signs which can distract motorists and pedestrians traveling on the public right of way and increase the potential for accidents, especially in congested parts of the City.

The City denies each and every remaining allegation contained in this paragraph 4.

5.    Responding to the allegations contained in paragraph 54, the City admits that while imposing a ban on new general advertising signs, Proposition G expressly stated that "Nothing in this ordinance shall be construed to prohibit the placement of signs . . . in the public right of way as permitted by local law."  The City denies each and every remaining allegation contained in this paragraph 5.

6.    Responding to the allegations contained in paragraph 6, the City denies each and every allegation contained in paragraph 6.

7.    Responding to the allegations contained in paragraph 7, the City denies each and every allegation contained in paragraph 7.

8.    Responding to the allegations contained in paragraph 8, the City denies each and every allegation contained in paragraph 8.

9.    Responding to the allegations contained in paragraph 9, the City denies each and every allegation contained in paragraph 9.

### THE PARTIES

10.    Responding to the allegations contained in paragraph 10, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 10, and denies each and every allegation contained therein on that basis.

11.    Responding to the allegations contained in paragraph 11, the City admits that the City and County of San Francisco is a municipal corporation organized under and existing under the laws

1    of the State of California and the San Francisco Charter.  The City denies each and every remaining

2    allegation contained in this paragraph 11.

3         12.    Responding to the allegations contained in paragraph 12, the City admits that the City

4    and County of San Francisco is a municipal corporation organized under and existing under the laws

5    of the State of California and the San Francisco Charter.   The City denies each and every remaining

6    allegation contained in this paragraph 12.

7         13.    Responding to the allegations contained in paragraph 13, the City lacks sufficient

8    information or knowledge to form a belief as to the truth of the allegations contained in this paragraph

9    13, and denies each and every allegation contained therein on that basis.

10    **JURISDICTION AND VENUE**

11         14.    Responding to the allegations contained in paragraph 14, the City denies that there

12    exists a federal question or a deprivation of rights under 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and

13    2202, or the First and Fourteenth Amendments to the United States Constitution.  The City lacks

14    sufficient information or knowledge to form a belief as to the truth of the remaining allegations

15    contained in this paragraph 14, and denies each and every allegation contained therein on that basis.

16         15.    Responding to the allegations contained in paragraph 15, the City denies that there

17    exists a federal question or a deprivation of rights under 28 U.S.C. §§ 1331 and 1343.  The City lacks

18    sufficient information or knowledge to form a belief as to the truth of the remaining allegations

19    contained in this paragraph 15, and denies each and every allegation contained therein on that basis

20         16.    Responding to the allegations contained in paragraph 16, the City admits that, "the acts

21    complained of occurred in the Northern District of California."  The City admits that venue is proper

22    under 28 U.S.C. § 1391 (b) on that basis.  The City lacks sufficient information or knowledge to form

23    a belief as to the truth of the remaining allegations contained in this paragraph 16, and denies each

24    and every allegation contained therein on that basis.

25    **JURY DEMAND**

26         17.    Responding to the allegations contained in paragraph 17, the City lacks sufficient

27    information or knowledge to form a belief as to the truth of the allegations contained in this paragraph

28    17, and denies each and every allegation contained therein on that basis.

## FACTUAL ALLEGATIONS

18.     Responding to the allegations contained in paragraph 18, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 18, and denies each and every allegation contained therein on that basis.

19.     Responding to the allegations contained in paragraph 19, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 19, and denies each and every allegation contained therein on that basis.

20.     Responding to the allegations contained in paragraph 20, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 20, and denies each and every allegation contained therein on that basis.

21.     Responding to the allegations contained in paragraph 21, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 21, and denies each and every allegation contained therein on that basis.

22.     Responding to the allegations contained in paragraph 22, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 22, and denies each and every allegation contained therein on that basis.

23.     Responding to the allegations contained in paragraph 22, the City admits that San Francisco Planning Code § 602.19 defines a "sign" and that the terms of section 602.19 speak for themselves.  The City lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph 23, and denies each and every allegation contained therein on that basis.

24.     Responding to the allegations contained in paragraph 24, the City admits that the terms of San Francisco Planning Code, Article 6 speak for themselves.  The City lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph 24, and denies each and every allegation contained therein on that basis.

25.     Responding to the allegations contained in paragraph 25, the City admits that San Francisco Planning Code § 602.3 defines a "business sign" and that the terms of section 602.3 speak for themselves.  The City lacks sufficient information or knowledge to form a belief as to the truth of

1 the remaining allegations contained in this paragraph 25, and denies each and every allegation
2 contained therein on that basis.

3     26.     Responding to the allegations contained in paragraph 26, the City admits that San
4 Francisco Planning Code § 602.7 defines a "general advertising sign" and that the terms of section
5 602.7 speak for themselves.  The City lacks sufficient information or knowledge to form a belief as to
6 the truth of the remaining allegations contained in this paragraph 26, and denies each and every
7 allegation contained therein on that basis.

8     27.     Responding to the allegations contained in paragraph 27, the City admits that San
9 Francisco Planning Code § 603 is entitled "Exempted Signs" and that the terms of section 603 speak
10 for themselves.  The City lacks sufficient information or knowledge to form a belief as to the truth of
11 the remaining allegations contained in this paragraph 27, and denies each and every allegation
12 contained therein on that basis.

13     28.     Responding to the allegations contained in paragraph 28, the City admits that part of
14 Proposition G remains uncodified and part of Proposition G was codified at San Francisco Planning
15 Code § 611.  The City lacks sufficient information or knowledge to form a belief as to the truth of the
16 remaining allegations contained in this paragraph 28, and denies each and every allegation contained
17 therein on that basis.

18     29.     Responding to the allegations contained in paragraph 29, the City admits San
19 Francisco Planning Code § 611(a) speaks for itself.  The City lacks sufficient information or
20 knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph 29,
21 and denies each and every allegation contained therein on that basis.

22     30.     Responding to the allegations contained in paragraph 30, the City admits San
23 Francisco Planning Code § 611(f) speaks for itself.  The City lacks sufficient information or
24 knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph 30,
25 and denies each and every allegation contained therein on that basis.

26     31.     Responding to the allegations contained in paragraph 31, the City denies each and
27 every allegation contained in paragraph 31.

28

32.    Responding to the allegations contained in paragraph 32, the City denies each and every allegation contained in paragraph 32.

33.    Responding to the allegations contained in paragraph 33, the City admits that the following findings were made when Proposition G was adopted:

### *Preserving the City's Unique Character*

(a)    General advertising is currently in, adjacent to, and visible from public and historically significant civic spaces including parks, public plazas, historic buildings and the waterfront.

(b)    City officials have received complaints from the public about the proliferation of general advertising signs in the City, about the commercialization of the City's public space, the increased size of vinyl signs which cover entire sides of buildings, as well as about general advertising signs placed on architecturally and historically significant buildings, all of which affect the quality of life in San Francisco, adding blight and clutter.

(c)    The City currently contains an amply supply of legally permitted general advertising signs.

(d)    The number of general advertising signs is increasing all over the City. Many areas of the City are saturated with general advertising signs. In these areas the general advertisings signs are obtrusive, out of scale, and contribute to visual pollution and blight. As population, traffic and building trends grow and shift within the City, it is difficult to assess which areas of the City will be inundated with general advertising signs next.

(e)    Tourism, San Francisco's largest revenue generating industry, benefits from the preservation of the City's unique character, architecture and vistas. As general advertising signs become more and more a part of the City's landscape, its distinctive appearance is hidden and the character that tourists visit the City to experience is lost.

### *Safety*

(f)    City officials and the public have expressed concern over the impact of the increasing volume of general advertising signs on traffic and pedestrian safety.

(g)    Signs identifying local services and businesses are often blocked or obscured by general advertising signs, a practice that confuses and distracts the public from finding those services and businesses.

(h)    Planning Code Section 601 identifies the need to reduce hazards such as signs which can distract motorists and pedestrians traveling on the public right of way and increase the potential for accidents, especially in congested parts of the City.

The City denies each and every remaining allegation contained in this paragraph 33.

34.    Responding to the allegations contained in paragraph 34, the City denies each and every allegation contained in paragraph 34.

1   35.     Responding to the allegations contained in paragraph 35, the City denies each and
2   every allegation contained in paragraph 35.

3   36.     Responding to the allegations contained in paragraph 36, the City denies each and
4   every allegation contained in paragraph 36.

5   37.     Responding to the allegations contained in paragraph 37, the City denies each and
6   every allegation contained in paragraph 37.

7   38.     Responding to the allegations contained in paragraph 38, the City denies each and
8   every allegation contained in paragraph 38.

9   39.     Responding to the allegations contained in paragraph 39, the City denies each and
10  every allegation contained in paragraph 39.

11  40.     Responding to the allegations contained in paragraph 40, the City denies each and
12  every allegation contained in paragraph 40.

13  41.     Responding to the allegations contained in paragraph 41, the City denies each and
14  every allegation contained in paragraph 41.

15  42.     Responding to the allegations contained in paragraph 42, the City denies each and
16  every allegation contained in paragraph 42.

17  43.     Responding to the allegations contained in paragraph 43, the City denies each and
18  every allegation contained in paragraph 43.

19  44.     Responding to the allegations contained in paragraph 44, the City denies each and
20  every allegation contained in paragraph 44.

21  45.     Responding to the allegations contained in paragraph 45, the City denies each and
22  every allegation contained in paragraph 45.

23  46.     Responding to the allegations contained in paragraph 46, the City denies each and
24  every allegation contained in paragraph 46.

25  47.     Responding to the allegations contained in paragraph 47, the City denies each and
26  every allegation contained in paragraph 47.

27
28

48.     Responding to the allegations contained in paragraph 48, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 48, and denies each and every allegation contained therein on that basis.

49.     Responding to the allegations contained in paragraph 49, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 49, and denies each and every allegation contained therein on that basis.

50.     Responding to the allegations contained in paragraph 50, the City denies each and every allegation contained in paragraph 50.

51.     Responding to the allegations contained in paragraph 51, the City denies each and every allegation contained in paragraph 51.

52.     Responding to the allegations contained in paragraph 52, the City denies each and every allegation contained in paragraph 52.

53.     Responding to the allegations contained in paragraph 53, the City denies each and every allegation contained in paragraph 53.

54.     Responding to the allegations contained in paragraph 54, the City denies each and every allegation contained in paragraph 54.

55.     Responding to the allegations contained in paragraph 55, the City denies each and every allegation contained in paragraph 55.

56.     Responding to the allegations contained in paragraph 56, the City denies each and every allegation contained in paragraph 56.

57.     Responding to the allegations contained in paragraph 57, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 57, and denies each and every allegation contained therein on that basis.

58.     Responding to the allegations contained in paragraph 58, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 58, and denies each and every allegation contained therein on that basis.

59.     Responding to the allegations contained in paragraph 59, the City denies each and every allegation contained in paragraph 59.

60.    Responding to the allegations contained in paragraph 60, the City denies each and every allegation contained in paragraph 60.

61.    Responding to the allegations contained in paragraph 61, the City denies each and every allegation contained in paragraph 61.

62.    Responding to the allegations contained in paragraph 62, the City denies each and every allegation contained in paragraph 62.

63.    Responding to the allegations contained in paragraph 63, the City denies each and every allegation contained in paragraph 63.

64.    Responding to the allegations contained in paragraph 64, the City denies each and every allegation contained in paragraph 64.

65.    Responding to the allegations contained in paragraph 65, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 65, and denies each and every allegation contained therein on that basis.

66.    Responding to the allegations contained in paragraph 66, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph 66, and denies each and every allegation contained therein on that basis.

67.    Responding to the allegations contained in paragraph 67, the City denies each and every allegation contained in paragraph 67.

68.    Responding to the allegations contained in paragraph 68, the City denies each and every allegation contained in paragraph 68.

69.    Responding to the allegations contained in paragraph 69, the City denies each and every allegation contained in paragraph 69.

70.    Responding to the allegations contained in paragraph 70, the City denies each and every allegation contained in paragraph 70.

71.    Responding to the allegations contained in paragraph 71, the City denies each and every allegation contained in paragraph 71.

72.    Responding to the allegations contained in paragraph 72, the City denies each and every allegation contained in paragraph 72.

73.     Responding to the allegations contained in paragraph 73, the City denies each and every allegation contained in paragraph 73.

74.     Responding to the allegations contained in paragraph 74, the City denies each and every allegation contained in paragraph 74.

75.     Responding to the allegations contained in paragraph 75, the City denies each and every allegation contained in paragraph 75.

76.     Responding to the allegations contained in paragraph 76, the City denies each and every allegation contained in paragraph 76.

77.     Responding to the allegations contained in paragraph 77, the City denies each and every allegation contained in paragraph 77.

78.     Responding to the allegations contained in paragraph 78, the City denies each and every allegation contained in paragraph 78.

79.     Responding to the allegations contained in paragraph 79, the City denies each and every allegation contained in paragraph 79.

80.     Responding to the allegations contained in paragraph 80, the City denies each and every allegation contained in paragraph 80.

81.     Responding to the allegations contained in paragraph 81, the City denies each and every allegation contained in paragraph 81.

82.     Responding to the allegations contained in paragraph 82, the City denies each and every allegation contained in paragraph 82.

83.     Responding to the allegations contained in paragraph 83, the City denies each and every allegation contained in paragraph 83.

84.     Responding to the allegations contained in paragraph 84, the City denies each and every allegation contained in paragraph 84.

85.     Responding to the allegations contained in paragraph 85, the City denies each and every allegation contained in paragraph 85.

86.     Responding to the allegations contained in paragraph 86, the City denies each and every allegation contained in paragraph 86.

87.     Responding to the allegations contained in paragraph 87, the City denies each and every allegation contained in paragraph 87.

88.     Responding to the allegations contained in paragraph 88, the City denies each and every allegation contained in paragraph 88.

89.     Responding to the allegations contained in paragraph 89, the City denies each and every allegation contained in paragraph 89.

90.     Responding to the allegations contained in paragraph 90, the City denies each and every allegation contained in paragraph 90.

91.     Responding to the allegations contained in paragraph 91, the City denies each and every allegation contained in paragraph 91.

92.     Responding to the allegations contained in paragraph 92, the City denies each and every allegation contained in paragraph 92.

93.     Responding to the allegations contained in paragraph 93, the City denies each and every allegation contained in paragraph 93.

94.     Responding to the allegations contained in paragraph 94, the City denies each and every allegation contained in paragraph 94.

95.     Responding to the allegations contained in paragraph 95, the City denies each and every allegation contained in paragraph 95.

96.     Responding to the allegations contained in paragraph 96, the City denies each and every allegation contained in paragraph 96.

97.     Responding to the allegations contained in paragraph 97, the City denies each and every allegation contained in paragraph 97.

98.     Responding to the allegations contained in paragraph 98, the City denies each and every allegation contained in paragraph 98.

99.     Responding to the allegations contained in paragraph 99, the City denies each and every allegation contained in paragraph 99.

100.     Responding to the allegations contained in paragraph 100, the City denies each and every allegation contained in paragraph 100.

1       101.    Responding to the allegations contained in paragraph 101, the City denies each and
2   every allegation contained in paragraph 101.

3       102.    Responding to the allegations contained in paragraph 102, the City denies each and
4   every allegation contained in paragraph 102.

5       103.    Responding to the allegations contained in paragraph 103, the City denies each and
6   every allegation contained in paragraph 103.

7       104.    Responding to the allegations contained in paragraph 104, the City denies each and
8   every allegation contained in paragraph 104.

9       105.    Responding to the allegations contained in paragraph 105, the City denies each and
10  every allegation contained in paragraph 105.

11      106.    Responding to the allegations contained in paragraph 106, the City denies each and
12  every allegation contained in paragraph 106.

13      107.    Responding to the allegations contained in paragraph 107, the City denies each and
14  every allegation contained in paragraph 107.

15      108.    Responding to the allegations contained in paragraph 108, the City denies each and
16  every allegation contained in paragraph 108.

17      109.    Responding to the allegations contained in paragraph 109, the City denies each and
18  every allegation contained in paragraph 109.

19      110.    Responding to the allegations contained in paragraph 110, the City denies each and
20  every allegation contained in paragraph 110.

21      111.    Responding to the allegations contained in paragraph 111, the City denies each and
22  every allegation contained in paragraph 111.

23      112.    Responding to the allegations contained in paragraph 112, the City denies each and
24  every allegation contained in paragraph 112.

25      113.    Responding to the allegations contained in paragraph 113, the City denies each and
26  every allegation contained in paragraph 113.

27      114.    Responding to the allegations contained in paragraph 114, the City denies each and
28  every allegation contained in paragraph 114.

115.    Responding to the allegations contained in paragraph 115, the City denies each and every allegation contained in paragraph 115.

116.    Responding to the allegations contained in paragraph 116, the City denies each and every allegation contained in paragraph 116.

117.    Responding to the allegations contained in paragraph 117, the City denies each and every allegation contained in paragraph 117.

## RESPONSE TO METRO FUEL'S PRAYER FOR RELIEF

1.    Answering the allegations contained in the entirety of Metro Fuel's prayer for relief, the City denies that Metro Fuel is entitled to the relief sought in the Amended Complaint or to any relief.

2.    The City asserts that any allegation of the Amended Complaint not expressly admitted above is hereby denied or denied on the basis that the City lacks sufficient information with which to admit or deny any such allegation.

## DEMAND FOR JURY TRIAL

The City hereby demands trial by jury on all causes for which trial by jury is proper.

## SEPARATE, DISTINCT, AND AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Subject Matter Jurisdiction)

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation contained therein, whether considered singly or in any combination, is barred because this Court lacks subject matter jurisdiction over the claims alleged in Metro Fuel's Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation contained therein, whether considered singly or in any combination, fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Case or Controversy)

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation contained therein, whether considered singly or in any combination, does not present a case or controversy.

### FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

As a separate and affirmative defense to the Amended Complaint, the City alleges that Metro Fuel lacks standing to bring this Amended Complaint and each claim contained in it.

### FIFTH AFFIRMATIVE DEFENSE

### (Ripeness)

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, fails because Metro Fuel's claims, and each of them, are unripe and/or premature, such that any claim for relief Plaintiffs may have is barred by law.

### SIXTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred under the doctrines of res judicata and collateral estoppel.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEVENTH AFFIRMATIVE DEFENSE**

**(Exhaustion of Remedies)**

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred, because Metro Fuel has failed to exhaust available administrative and other state remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred by the applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver/Estoppel)**

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred under the doctrines of waiver and estoppel.

**TENTH AFFIRMATIVE DEFENSE**

**(Separation of Powers)**

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred under the separation of powers doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with California Government Claims Act)**

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred, because Metro Fuel has failed to comply in a timely manner with all relevant sections of the California Government Claims Act.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, fails because the City and its employees, agents, and officials acted with both subjective and objective good faith and without malice, such that any claim for relief Metro Fuel may have is barred by law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Privilege/Justification)**

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, fail because the conduct of the City and its employees, agents, and officials was at all material times herein privileged and/or justified under applicable law, such that any claim for relief Metro Fuel may have is barred by law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred under the doctrines of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred under the doctrines of laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Abstention)**

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation contained therein, whether considered singly or in

any combination, fails to state a claim upon which relief can be granted under the abstention principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971) and *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976).

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, fails because Metro Fuel failed to use reasonable diligence to mitigate damages allegedly sustained by it, and said failure bars or reduces the recovery, if any, from the City.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, fails because Metro Fuel knowingly, voluntarily, and unreasonably assumed the risk of the conduct, event and matters alleged in the Amended Complaint, and any damage or injury, if any, there were, sustained by Metro Fuel was the proximate result of the risks so assumed.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Illegality)

As a separate and affirmative defense to the Amended Complaint, the City alleges that the Amended Complaint and each and every allegation stated therein, whether considered singly or in any combination, fails because the conduct, event and matters alleged in the Amended Complaint were illegal, and said conduct bars or reduces the recovery, if any, from the City.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

As a separate and affirmative defense to the Amended Complaint, the City alleges that to the extent the Amended Complaint seeks punitive damages, such recover is not allowed in this action, because punitive damages are not recoverable against a municipality. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247 (1981).

## ADDITIONAL AFFIRMATIVE DEFENSES

The City presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  The City reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, the City prays for judgment as follows:

1.    That Metro Fuel takes nothing by its Amended Complaint.

2.    The Amended Complaint be dismissed with prejudice and judgment entered in favor of the City.

3.    That the City be awarded attorneys' fees and costs incurred in this action.

4.    For such other and further relief as the Court may deem just.

Dated:  May 30, 2008

> DENNIS J. HERRERA
> City Attorney
> KRISTEN A. JENSEN
> THOMAS S. LAKRITZ
> VICTORIA WONG
> Deputy City Attorneys
>
> By:_____/s/_____
> THOMAS S. LAKRITZ
> Attorneys for Defendant
> CITY AND COUNTY OF SAN FRANCISCO