PAUL E. FISHER, State Bar #125309
The Law Offices of Paul E. Fisher
537 Newport Center Dr., #289
Newport Beach CA  92660
Telephone:    (949) 675-5619
Facsimile:    (949) 675-5641

ERIC HECKER (admitted *pro hac vice*)
Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
Telephone: (212) 763-5000
Facsimile:  (212) 763-5001

Attorneys for Plaintiff
METRO FUEL LLC

DENNIS J. HERRERA, State Bar #139669
City Attorney
KRISTEN A. JENSEN, State Bar #130196
THOMAS S. LAKRITZ, State Bar #161234
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102
Telephone:    (415) 554-6547
Facsimile:    (415) 554-4747
E-Mail:       tom.lakritz@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO FUEL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN FRANCISCO, a municipal corporation, COUNTY OF SAN FRANCISCO, a subdivision of the State of California, CITY AND COUNTY OF SAN FRANCISCO, a chartered California city and county and DOE 1 through DOE 10,<br><br>Defendants. | Case No. C07-6067 JSW<br><br>The Honorable Jeffrey S. White<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:    July 11, 2008<br>Time:    1:30 P.M.<br>Place:    Courtroom 2, 15th Fl. |

JOINT CASE MANAGEMENT STATEMENT
USDC No. C07-6067 JSW

1

n:\land\li2008\080804\00495100.doc

1. <u>Jurisdiction and Service:</u>

Plaintiff invokes the Court's jurisdiction on the basis of the existence of a federal question and deprivation of civil rights pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Plaintiff also brings this action under the Civil Rights Act, 42 U.S.C. § 1983, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

Venue in this district is proper under 28 U.S.C. § 1391(b) in that the claims asserted in this Complaint arose in the Northern District of California.

Defendant does not object to service and no parties remain to be served at this time.

2. <u>Facts:</u>

<u>Plaintiff alleges:</u>

Plaintiff is engaged in the business of outdoor advertising in San Francisco through its operation of so-called "panel signs." Panel signs, also known as "light boxes," are internally illuminated poster advertisements that have a surface area of approximately 24 square feet (approximately 6 feet by 4 feet).

Article 6 of the San Francisco Planning Code (the "Sign Ordinance") places severe restrictions on Plaintiff's ability to operate panel signs within the City. It does so in two fundamental ways. First, through its adoption of Proposition G in March 2002, the City added Section 611 to its Sign Ordinance, which purports to impose a complete and total ban on any and all new "general advertising signs" – signs that direct attention to goods, services, or activities offered elsewhere than on the premises upon which the sign is located – including virtually all of Plaintiff's panel signs. Second, with respect to those panel signs that were installed prior to March 2002 and therefore are not subject to the prospective ban, the Sign Ordinance contains a slew of highly restrictive underlying zoning regulations that, if enforced, would prohibit most, if not all, of Plaintiff's panel signs. *See generally* Sign Ordinance §§ 605-608.

The City has claimed that both its total ban on new advertising signs, and its underlying zoning restrictions governing pre-ban advertising signs, are necessary to preserve and protect "traffic safety" and "aesthetics." The City's own conduct, however, belies these supposed justifications and

proves that they are nothing more than empty pretexts.  Tellingly, in enacting the Sign Ordinance, the City bestowed itself with blanket exemptions for thousands of its own advertising signs – signs that are virtually identical to Plaintiff's signs in terms of size, illumination, and appearance; that often are located in close proximity to Plaintiff's signs; but that, unlike Plaintiff's signs, generate hundreds of millions of dollars for the City.

The City has, for example, entered into an exclusive contract with Clear Channel Outdoor, Inc. to place advertising signs on all of the City's bus shelters, notwithstanding that all such advertising violates the very Sign Ordinance provisions – including the City's underlying zoning regulations – that supposedly render Plaintiff's panel signs illegal.  The City has conveniently given its bus shelters a blanket exemption, set forth in section 603(j) of the Sign Ordinance, that immunizes such advertising signs from all of the rules governing advertising signs.  The same is true for the City's contract with private franchisees to install and operate hundreds of newsracks and hundreds of so-called "public service kiosks" bearing advertising signs on its streets.  These advertising signs have conveniently been given a blanket pass through sections 603(m) (public service kiosks) and 603(n) (newsracks) of the Sign Ordinance.

Plaintiff contends that it cannot seriously be disputed that the City-sanctioned street furniture advertising signs that now blanket the streetscape are at least as "dangerous" and "unsightly" as Plaintiff's panel signs allegedly are.  The City's signs invariably are, by design, significantly closer to the curb line than Plaintiff's signs and thus are, if anything, more visible and distracting to motorists and pedestrians.  But the City embraces its franchisees' signs because it profits handsomely by doing so.  The Supreme Court has made clear that this kind of government hypocrisy is constitutionally fatal.

Plaintiff contends that it is threatened with imminent irreparable harm.  The City has engaged in an aggressive campaign of harassing Plaintiff's lessors – those who own the land on which Plaintiff's panel signs sit – including by boldly assuring lessors that this lawsuit is a clear loser.  As a result, many lessors – who have been assessed substantial escalating fines and threatened with liens on their properties – have vowed to take down their signs absent immediate relief from this Court; several lessors already have actually done so; and one lessor recently went so far as to *sue* Plaintiff in

1  Superior Court for failing to protect its lessors. This widespread lessor unrest is getting worse by the
2  day and is posing an imminent and grave threat to Plaintiff's business.

3  <u>Defendant alleges:</u>

4  Defendant asserts that Plaintiff's First Amended Complaint only puts San Francisco Planning
5  Code section 611 at issue. In 2002, San Francisco voters passed Proposition G, codified at Planning
6  Code section 611, which prohibited the erection of new billboards anywhere in San Francisco. S.F.
7  Planning Code § 611(a). As part of Proposition G, voters determined that "[g]eneral advertising signs
8  contribute to blight and visual clutter as well as the commercialization of public spaces within [San
9  Francisco]" (S.F. Planning Code section 611(f)(2) and that "San Francisco must protect the character
10 and dignity of the City's distinctive appearance . . . for both residents and visitors" by prohibiting new
11 general advertising signs (S.F. Planning Code section 611 (f)(4.)).

12 Although Proposition G prohibited the erection of new billboards in San Francisco, it does not
13 prohibit the placement of signs "in the public right of way as permitted by local law." S.F. Planning
14 Code § 611(c). San Francisco has entered into a number of contracts for the placement of general
15 advertising and other signs in the public right of way.

16 Defendant asserts that this ban and exception is consistent with U.S. Supreme Court and 9th
17 Circuit case law.

18 Moreover, Defendant asserts that Plaintiff's signs are in violation of other local ordinances
19 (Building and Electrical Codes and other sections of the Planning Code) not at issue in this litigation.

20 The parties previously informed the Court that the United States Court of Appeals for the
21 Ninth Circuit heard oral argument for June 4, 2008, at 9:00 a.m., in Pasadena, California, in *Metro*
22 *Lights, L.L.C. v. City of Los Angeles,* 488 F.Supp.2d 927 (C.D. Cal. 2006), *appeal docketed*, No. 07-
23 55179 (9th Cir. Feb. 1, 2007) and *Metro Lights, L.L.C. v. City of Los Angeles* No. 04-1037, 2006 WL
24 4941839 (C.D. Cal. Nov. 3, 2006), *appeal docketed*, No. 07-55207 (9th Cir. Feb. 9, 2007). Both
25 parties believe that the issues under consideration in the two appeals mentioned above are close to the
26 issues involved in this litigation. Both parties also informed the court that because of the closeness of
27 the issues involved it would be prudent and efficient for the parties and for the Court to stay the
28 present litigation until the Ninth Circuit resolves the two appeals. Plaintiff is certainly willing to

JOINT CASE MANAGEMENT STATEMENT           4           n:\land\li2008\080804\00495100.doc
USDC No. C07-6067 JSW

1 agree to a stay, provided of course that such a stay include a stay of enforcement of the regulations
2 being challenged. Unfortunately, however, the parties were not able to negotiate mutually agreeable
3 enforcement stay terms. Plaintiff remains willing to discuss a stay, but obviously cannot agree to a
4 stay of the case that enables Defendants to continue to ticket and fine Plaintiff's panel signs and to
5 threaten Plaintiff's lessors with liens on their properties. Defendant asserts that the Court should stay
6 this matter until the Ninth Circuit resolves the two appeals.

7    3.    Legal Issues:

8    Plaintiff alleges:

9    The City cannot trample on Plaintiff's First Amendment right to engage in protected
10 commercial speech where, as here, the City's scheme contains enormous exemptions that
11 substantially undermine its stated regulatory rationale. *See*, *e.g.*, *Greater New Orleans Broadcasting
12 Ass'n, Inc. v. U.S.*, 527 U.S. 173, 174 (1999) (striking down scheme restricting commercial speech
13 because the "regulatory regime is so pierced by exemptions and inconsistencies that the Government
14 cannot hope to exonerate it"). Applying this Supreme Court case law to a factual scenario virtually
15 identical to the one presented in this case, the District Court in *Metro Lights* struck down Los
16 Angeles's ban on new general advertising signs in *Metro Lights, LLC v. City of Los Angeles*, 488 F.
17 Supp. 2d 927 (C.D. Cal. 2006). More recently, the Central District relied on *Greater New Orleans*
18 and *Metro Lights* to strike down Los Angeles's underlying zoning rules prohibiting freeway
19 advertising signs. *See World Wide Rush, LLC v. City of Los Angeles*, __ F. Supp. 2d __, 2008 WL
20 2477440 (C.D. Cal. Jun. 9, 2008) (relying on Greater New Orleans and Metro Lights to strike down
21 Los Angeles's underlying zoning rules prohibiting freeway advertising signs).

22    Defendant alleges:

23    San Francisco Planning Code section 611 is a constitutional restriction of general advertising
24 signs under *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490 (1981) and *Central Hudson Gas &
25 Electric Corp. v. Public Service Comm'n*, 447 U.S. 557 (1980).

26
27
28

4.   Motions:

Plaintiff is seeking the Court's permission to file a motion for preliminary injunction, as the City has now issued citations demanding that it cease displaying messages at some of the sites involved in this litigation. On July 3, 2008, Plaintiff filed an administrative motion for leave to file a motion for preliminary injunction. Defendant will file a response by July 9, 2008 addressing certain issues.

Defendant intends to file a motion for judgment on the pleadings to be heard at the same time as Plaintiff's motion for preliminary injunction. If necessary, Defendant will file a motion for summary judgment.

The parties do not anticipate that there is any substantial likelihood of motions to add any other parties or to transfer venue.

5.   Amendment of Pleadings:

Plaintiff has already filed a First Amended Complaint. The parties do not anticipate further amending the pleadings.

6.   Evidence Preservation:

The parties affirm that they have taken all reasonable steps to preserve any evidence in this case, including interdiction of any document destruction program and any ongoing erasures of emails, and other electronically recorded material.

7.   Disclosures:

Plaintiff has disclosed to counsel for Defendant the basis for its claim that the current ban on off-site advertising (what are termed "general advertising signs" in Defendant's current ordinance) is unconstitutional both facially and as-applied. Part of the basis of Plaintiff's claim is that while banning signs from private property, Defendant has actually substantially increased the total number of off-site advertising signs by allowing their placement of public property through its contracts with various media companies, including JC Decaux and Clear Channel Outdoor, Inc. Plaintiff contends that the entry into such contracts while at the same time banning all such signs on private property and taking steps to enforce the ban through the threat of criminal prosecution violates its constitutional rights as described in the Amended Complaint.

Plaintiff has requested that the City provide a list detailing the locations of all of its street furniture bearing advertising signs. Defendants agreed in theory to produce such lists, provided that Plaintiff produce a variety of materials to which Plaintiffs object. Plaintiff has agreed to produce a list detailing the locations of all of its Panel Signs, but contends that the remainder of Defendants' requests are overly broad given the current posture of this case. Plaintiff notes that it has repeatedly offered to produce a list of its sign locations to Defendant, and contends that Defendant has not been reasonable (a) with respect to the voluminous information it purports to need and (b) by refusing to produce any location lists to Plaintiff absent full compliance with Defendant's demands. Because the parties have not come to an agreement, no lists have been exchanged.

Defendant requested certain documents that are relevant to defeating Plaintiff's motion for preliminary injunction. As noted above, Defendant will only produce, under certain circumstances, a list of its sign locations.

Fed. R. Civ. P. 26 disclosures have not yet been made, although the parties intend to do so this week.

8. Discovery:

Neither party has conducted any discovery or made Fed. R. Civ. P. 26 disclosures. Plaintiff intends to move for a preliminary injunction as soon as possible and contends that no discovery is necessary in order to facilitate the adjudication of that motion (other than the exchange of the location lists discussed above).

Defendant contends that it needs to conduct discovery to oppose Plaintiff's motion for a preliminary injunction. For example, although Plaintiff's counsel has agreed to provide the City Attorney's Office with a list of Plaintiff's sign locations in San Francisco, Plaintiff has yet to produce such a list (although, as noted above, Plaintiff has repeatedly confirmed in writing that it is willing to exchange location lists immediately). Defendant contends that Plaintiff has refused to comply with San Francisco Planning Code section 604.2, by providing the City with an inventory of its general advertising signs in San Francisco, and that Defendant therefore cannot oppose Plaintiff's motion for a preliminary injunction in a meaningful way.

In the event the Court does not grant Defendant's motion for judgment on the pleadings, the parties intend to conduct written depositions (interrogatories, requests for admission and request for production of documents) and notice depositions. The parties are unaware of any need for specialized or supplemental rules of discovery in this action.

9. <u>Class Actions:</u>

This is not presently a class action.

10. <u>Related Cases:</u>

There are no related cases.

11. <u>Relief:</u>

Plaintiff contends that the regulations being challenged should be preliminarily and permanently enjoined as applied to Plaintiff.

Defendant asserts that Plaintiff is not entitled to any relief. Defendant has not pleaded any counterclaims.

12. <u>Settlement and ADR:</u>

The parties do not believe that this case can be settled and believe that this case is a poor candidate for ADR because Plaintiff's claim is legal in nature.

13. <u>Consent to Magistrate Judge For All Purposes:</u>

Defendant declined to consent to the assignment of this case to a Magistrate Judge and the case has been assigned to a United States District Judge.

14. <u>Other References:</u>

This case is not suitable for reference to binding arbitration, a special master or the judicial panel on multi-district litigation.

15. <u>Narrowing of Issues:</u>

The issues were narrowed significantly when Plaintiff filed and Amended Complaint in April. The parties do not believe the issues can be further narrowed without motion practice.

16. <u>Expedited Schedule:</u>

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling:</u>

On February 19, 2008, the Court issued an Order Scheduling Trial and Pretrial Matters setting the following dates:

| | |
|---|---|
| DiscoveryCutoff | June 23, 2009 |
| Expert Discovery Cutoff | July 24, 2009 |
| Last day for filing dispositive motions | June 30, 2009 |
| Last day for hearing on dispositive motions | August 21, 2009, 9:00 a.m. |
| Pretrial Conference | September 28, 2009, 2:00 p.m. |
| Trial | October 26, 2009, 8:30 a.m. (10 days) |

18. <u>Trial:</u>

Plaintiff requests that this matter proceeds by jury trial and estimates a trial time of ten days. Plaintiff estimates that it will call between five and ten witnesses.

Defendant also request that this matter proceed by jury and estimate a trial time of ten to fifteen days.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>

Plaintiff has filed the "Certification of Interested Entities or Persons."

Plaintiff states that other than the named parties, there are no other persons, firms, partnerships, corporations or other entities known by the parties to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

/ / /

/ / /

/ / /

/ / /

20. <u>Other Matters:</u>

None.

Date: July 7, 2008                        EMERY CELLI BRINCKERHOFF & ABADY LLP


By:_____/S/_____.
      ERIC HECKER

Attorneys for Plaintiff METRO FUEL LLC.


Date: July 7, 2008                        DENNIS J. HERRERA, City Attorney
                                             KRISTEN A. JENSEN
                                             THOMAS S. LAKRITZ
                                             VICTORIA WONG


By:_____/S/_____.
      THOMAS S. LAKRITZ

Attorneys for Defendant CITY AND COUNTY

OF SAN FRANCISCO


Date: July 7, 2008                        DENNIS J. HERRERA, City Attorney
                                             KRISTEN A. JENSEN
                                             THOMAS S. LAKRITZ
                                             VICTORIA WONG


By:_____/S/_____.
      THOMAS S. LAKRITZ

Attorneys for Defendant CITY AND COUNTY
OF SAN FRANCISCO

**SIGNATURE ATTESTATION**

(U.S.D.C. N.D. Cal. General Order 45, Section X.B.)

Concurrence in the filing of this document has been obtained from each other signatory, or from the single signatory, in compliance with General Order 45, Section X.B.

Dated: July 7, 2008

DENNIS J. HERRERA
City Attorney
KRISTEN A. JENSEN
THOMAS S. LAKRITZ
Deputy City Attorneys

By:_____/S/_____.
THOMAS S. LAKRITZ

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO