1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  KRISTEN A. JENSEN, State Bar #130196
   THOMAS S. LAKRITZ, State Bar #161234
3  VICTORIA WONG, State Bar #214289
   Deputy City Attorneys
4  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
5  San Francisco, California 94102
   Telephone:    (415) 554-6547
6  Facsimile:     (415) 554-4747
   E-Mail:        tom.lakritz@sfgov.org
7
8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13  METRO FUEL LLC, a Delaware limited          Case No. C07-6067 JSW
    liability company,
14                                              RESPONSE TO ADMINISTRATIVE
                      Plaintiff,                MOTION FOR LEAVE TO FILE A
15                                              MOTION FOR PRELIMINARY
            vs.                                 INJUNCTION AND TO FILE A
16                                              MEMORANDUM OF LAW OF TWENTY-
    CITY OF SAN FRANCISCO, a municipal          FIVE PAGES IN SUPPORT THEREOF
17  corporation, COUNTY OF SAN
    FRANCISCO, a subdivision of the State       Hearing Date:    July 11, 2008
18  of California, CITY AND COUNTY OF            Time:            1:30 p.m.
    SAN FRANCISCO, a chartered California        Place:           Courtroom 2, 15th Floor
19  city and county and DOE 1 through DOE
    10,                                          Trial Date:      October 26, 2009
20                    Defendants.

21

22

23

24

25

26

27

28

**INTRODUCTION**

Defendants the City and County of San Francisco, sued herein as the City of San Francisco, County of San Francisco, and City and County of San Francisco (collectively, "the City" or "San Francisco") submits this response to Metro Fuel, LLC ("Metro Fuel") administrative motion.

**DISCUSSION**

**I.  METRO FUEL FILED ITS ADMINISTRATIVE MOTION IN VIOLATION OF THE COURT'S JUNE 12, 2008 ORDER**

In its June 12, 2008 Order, the Court set a status conference for July 11, 2008 at 1:30 p.m. and stated, "[t]he case shall remain stayed until the case management conference."  (Docket #33.) Without seeking Court relief from the stay, Metro Fuel filed the present motion on July 3, 2008, while the Court-imposed stay was still in effect.  Thus, Metro Fuel's motion was filed in violation of the Court's June 12, 2008 Order, and, therefore, should be denied without prejudice.

**II.  THE COURT SHOULD CONTINUE THE STAY**

The City contends that the Court should continue to the stay of this litigation until the Ninth Circuit resolves *Metro Lights, L.L.C. v. City of Los Angeles,* 488 F.Supp.2d 927 (C.D. Cal. 2006), *appeal docketed*, No. 07-55179 (9th Cir. Feb. 1, 2007) and *Metro Lights, L.L.C. v. City of Los Angeles* No. 04-1037, 2006 WL 4941839 (C.D. Cal. Nov. 3, 2006), *appeal docketed*, No. 07-55207 (9th Cir. Feb. 9, 2007).  Prior to filing the present motion, Metro Fuel felt the same way.  As both the City and Metro Fuel informed the Court on May 8, 2008:

> WHEREAS, the United States Court of Appeals for the Ninth Circuit recently scheduled oral argument for June 4, 2008, at 9:00 a.m., in Pasadena, California, in *Metro Lights, L.L.C. v. City of Los Angeles,* 488 F.Supp.2d 927 (C.D. Cal. 2006), *appeal docketed*, No. 07-55179 (9th Cir. Feb. 1, 2007) and *Metro Lights, L.L.C. v. City of Los Angeles* No. 04-1037, 2006 WL 4941839 (C.D. Cal. Nov. 3, 2006), *appeal docketed*, No. 07-55207 (9th Cir. Feb. 9, 2007); and
>
> WHEREAS, Plaintiff Metro Fuel LLC and Defendant City and County of San Francisco believe that the issues under consideration in the two appeals mentioned above are close to the issues involved in this litigation; and
>
> WHEREAS, the parties mutually believe that because of the closeness of the issues involved it would be prudent and efficient for the parties and for the Court to stay the present litigation until the Ninth Circuit resolves the two appeals; [. . .]

(Docket # 25.)

1    Metro Fuel offers no explanation for its change in position.  Nor is there any new

2    development that would support a lifting of the say.  Instead, the Ninth Circuit continues to consider

3    *Metro Lights,* and no decision has been issued in those appeals.  Because the Ninth Circuit's ruling

4    will likely give this Court guidance on the issues raised in this case, the City respectfully requests that

5    the Court continue the stay for 90 days, until October 10, 2008.[1]

6    Metro Fuel has not offered the Court any legitimate reason to not only lift the stay, but to

7    consider its proposed motion for a preliminary injunction.  Metro Fuel's claim of "imminent

8    irreparable harm" (Administrative Motion at p. 4) as a basis for its motion is not supported by the

9    facts.  Instead, the only support offered for this claim is the unfounded allegation that the City has

10   "engaged in an aggressive campaign of harassing Plaintiff's lessors."  (Administrative Motion at p. 4.)

11   This claim is patently false for at least three reasons.  First, the City has issued several Notices of

12   Violation ("NOV's") to property owners for signs for which there is no record of a building (or any

13   other) permit ever being issued.  These NOV's are being issued pursuant to San Francisco Planning

14   Code section 604, which requires each sign to have a building permit.  A copy of one of these NOV's

15   is attached as Exhibit A.  It is clear that Metro Fuel finds complying with local ordinances (even local

16   ordinances it is not challenging in this litigation) to be burdensome.  But it does not make the NOV's

17   improper.  Even if the Court were to grant Metro Fuel all of the relief it seeks, which the City denies

18   Metro Fuel is entitled to, it would not affect the validity of the NOV's.  Metro Fuel cannot seriously

19   argue that the First Amendment protects them from having to seek permits issued under the City's

20   police powers.

21   Second, the lawsuit against Metro Fuel *by one of its lessors*, offered as evidence of the *City's*

22   alleged "harassment" of Metro Fuel, is not the result City's issuance of an NOV.  Rather the lessor's

---

[1]    Metro Fuel's claims that "[t]he City has conceded that *Metro Lights*, which is on appeal to and has already been argued before the Ninth Circuit, controls the outcome of this case" (Administrative Motion at p. 4.) is a misrepresentation of the City's position.  The City only contends that it would be prudent and efficient for the parties and for the Court to stay the present litigation until the Ninth Circuit resolves the two appeals.  The City never indicated that the Ninth Circuits' ruling in *Metro Lights* will be dispositive of all claims in the present case, but only that the two cases present similar issues, and as a result, the outcome of the *Metro Lights* case is likely to have some impact on the issues raised in this action.

1  lawsuit is premised upon Metro Fuel's promise to the lessor that it would "address all [NOV's] and

2  seek their expeditious resolution." (*John Yuen v. Metro Fuel, LLC*, Superior Court San Francisco

3  Superior Court, CGC-08-476137.)  A copy of the complaint is attached as Exhibit B.  The lawsuit

4  alleges, among other things, Metro Fuel "did not 'address all notices and seek their expeditious

5  resolution' and has not indemnified and held harmless the Plaintiff from all losses and penalties

6  arising out of in connections with the signs on Plaintiff's property."

7      Finally, Metro Fuel's dilatory strategy belies its "imminent irreparable harm" argument.

8  Metro Fuel filed this action on November 30, 2007, 477 days (over 15 months) after the trial court

9  issued its ruling in *Metro Lights, L.L.C. v. City of Los Angeles,* 488 F.Supp.2d 927 (C.D. Cal. 2006),

10 *appeal docketed*, No. 07-55179 (9th Cir. Feb. 1, 2007).  After waiting over a year to file the present

11 action, Metro Fuel then waited another 46 days to serve the City with the complaint.  Next, Metro

12 Fuel requested and stipulated to an October 2009 trial date for this matter.  These delays, along with

13 Metro Fuel's earlier representation to the Court regarding the prudence of staying the matter pending

14 the outcome of the *Metro Lights* case, demonstrates that Metro Fuel does not reasonably believe it is

15 subject to "imminent irreparable harm."  *ACLU v. City of Las Vegas*, 13 F.Supp.2d 1064, 1083 (D.

16 Nev. 1998) [Seeking a preliminary injunction three months after filing their complaint and two years

17 after event "implies lack of urgency and irreparable harm"]; *Oakland Tribune, Inc. v. Chronicle

18 Publ'g Co.*, 762 F.2d 1374, 1377 ["Plaintiff's long delay before seeking a preliminary injunction

19 implies a lack of urgency and irreparable harm"].

20 **III.    IF THE COURT GRANTS METRO FUEL LEAVE TO FILE A MOTION FOR A
   PRELIMINARY INJUNCTION, THE CITY MUST BE GIVEN TIME TO CONDUCT
21  DISCOVERY**

22      Although neither party has made Fed. R. Civ. P. 26 disclosures and neither party has

23 conducted discovery nor disclosed experts, Metro Fuel seeks to deny the City an opportunity to

24 obtain needed material to oppose Metro Fuel's motion for a preliminary injunction.  In the event that

25 the Court grants Metro Fuel leave to file its motion, the City requests that the motion be scheduled so

26 as to permit the City to obtain discovery necessary to defend against that motion.

27      On June 25, 2008, the City Attorney's Office provided Metro Fuel's counsel with a list of

28 material the City needs to oppose Metro Fuel's motion for a preliminary injunction.  A copy of the list

1   is attached as Exhibit C.  Metro Fuel's counsel provided the City Attorney's Office with a draft

2   proposed discovery protective order on July 9, 2008.  Should the Court not continue the stay, the City

3   Attorney's Office will work with Metro Fuel's counsel in an effort to reach an agreement on the terms

4   and scope of the discovery protective order.  The City, however, does not know if Metro Fuel will

5   produce all of the documents on the City's June 25, 2008 list, even if the Court approves a discovery

6   protective order.

7          In addition, the City does not know exactly what Metro Fuel is challenging.  The City

8   contends that Metro Fuel's first amended complaint only challenges San Francisco Planning Code

9   section 611 (the ban on new general advertising signs).  Metro Fuel's present motion suggests that it

10  intends to challenge other not yet identified sections of Article 6.  Metro Fuel now alleges that "the

11  Sign ordinance contains a slew of highly restrictive underlying zoning regulations that, if enforced,

12  would prohibit most, if not all, of Plaintiff's panel signs.  *See generally* Sign Ordinance §§ 605-608."

13  (Administrative Motion at pp. 1-2.)  Without the benefit of Fed. R. Civ. P. 26 disclosures and a clear

14  indication from Metro Fuel of the specific sections it seeks to challenge, the City cannot know what

15  discovery it might need to oppose Metro Fuel's motion for a preliminary injunction.

16         Finally, the City understands that Metro Fuel intends to file a declaration from at least one

17  expert in support of its motion.  In order to rebut this expert testimony, the City will require time to

18  conduct appropriate discovery.

19         Metro Fuel should not be permitted to have its motion for preliminary injunction heard before

20  the City (1) knows what specific sections of Article 6 Metro Fuel is challenging and (2) has an

21  opportunity to conduct limited discovery necessary to defend against such a motion.  This is

22  particularly true where, as here, Metro Fuel has failed to show any imminent harm that would result

23  from the delay necessary to conduct discovery.

24  **IV.    IF THE COURT GRANTS METRO FUEL LEAVE TO FILE A MOTION FOR A
            PRELIMINARY INJUNCTION, THE COURT SHOULD SCHEDULE THE CITY'S**
25  **      MOTION FOR JUDGMENT ON THE PLEADINGS FOR THE SAME TIME**

26         The City contends that as a matter of law, Metro Fuel's case fails.  The City plans to file a

27  motion for judgment on the pleadings to present these legal issues to the Court.  Of course, the City's

28  motion for judgment on the pleadings will be limited to legal issues and will not be based upon

RESPONSE TO ADMINISTRATIVE MOTION          4          n:\land\li2008\080804\00495322.doc
USDC No. C07-6067 JSW

factual allegations outside the pleadings, except those subject to judicial notice. Because the City's motion for judgment on the pleadings will likely raise similar and related issues to those raised by Metro Fuel in its motion for a preliminary injunction, the City suggests that the Court set a briefing schedule so that both motions can be heard at the same time.

If the Court grants Metro Fuel leave to file a motion for preliminary injunction, the City agrees that the Court should allow each side to file a 25-page brief in support of and in opposition to Metro Fuel's preliminary injunction motion. The City's motion for judgment on the pleadings should be governed by the same page limits.

The scheduling for both motions should take into account the City's need to conduct limited discovery. The City's lead counsel will be out of the office and unavailable the week of July 14, 2008, returning to the office on July 21, 2008.

## CONCLUSION

The Court should deny Metro Fuel's administrative motion, because it was filed in violation fo the Court-imposed stay. The City further requests that the Court stay this litigation for 90 days, until October 10, 2008. If the Court grants Metro Fuel leave to file a motion for preliminary injunction, the Court should allow the City to conduct limited discovery. The Court should also allow the City to file a motion for judgment on the pleadings and schedule both motions for the same hearing.


Dated:  July 9, 2008

                    DENNIS J. HERRERA
                    City Attorney
                    KRISTEN A. JENSEN
                    THOMAS S. LAKRITZ
                    VICTORIA WONG
                    Deputy City Attorneys


                    By:_____/S/_____.
                    THOMAS S. LAKRITZ

                    Attorneys for Defendant CITY AND COUNTY OF
                    SAN FRANCISCO