# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
METRO FUEL, LLC AND DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN YUEN

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, Ca. 94102

CASE NUMBER: 08-476137

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John J. Cullen, CSB# 42766, Law Offices of Cullen & Wood
490 - 2nd Street, Suite 300, San Francisco, Ca. 94107     Telephone: (415) 284-9271     Telephone: (415) 284-0237

DATE: JUN 9 - 2008
*(Fecha)*

Clerk, by GORDON PARK-LI / E. Bautista , Deputy
*(Secretario)*                                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**CM-010**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
John J. Cullen, CSB# 42766, Law Offices of Cullen & Wood
490 - 2nd Street, Suite 300
San Francisco, Ca. 94107

**TELEPHONE NO:** (415) 284-9271   **FAX NO:** (415) 284-0237
**ATTORNEY FOR** *(Name):* Plaintiff, JOHN YUEN

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
**STREET ADDRESS:** 400 McAllister Street
**MAILING ADDRESS:**
**CITY AND ZIP CODE:** San Francisco, Ca. 94102
**BRANCH NAME:**

**CASE NAME:** JOHN YUEN v. METRO FUEL, LLC

**FOR COURT USE ONLY**

FILED
Superior Court of California
County of San Francisco
JUN 9 - 2008
GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

**CASE NUMBER:** CGC-08-476137

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [✓] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | JUDGE: |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400-3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 9, 2008

John J. Cullen
(TYPE OR PRINT NAME)                    ▶ /s/ John J. Cullen
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| John J. Cullen, CSB# 42766, Law Offices of Cullen & Wood<br>490 - 2nd Street, Suite 300<br>San Francisco, Ca. 94107<br>TELEPHONE NO: (415) 284-9271   FAX NO. (Optional): (415) 284-0237<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, JOHN YUEN | FILED<br>Superior Court of California<br>County of San Francisco<br>JUN 9 - 2008<br>GORDON PARK-LI, Clerk<br>BY: _____ Deputy Clerk<br>CASE MANAGEMENT CONFERENCE SET<br>NOV 7 - 2008 - 9ᵃᵐ AM<br>DEPARTMENT 212<br>SUMMONS ISSUED |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, Ca. 94102<br>BRANCH NAME: | |
| PLAINTIFF: JOHN YUEN<br>DEFENDANT: METRO FUEL, LLC<br>[✓] DOES 1 TO 10 | |
| **CONTRACT**<br>[✓] COMPLAINT   [ ] AMENDED COMPLAINT (Number):<br>[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT (Number): | |
| Jurisdiction (check all that apply):<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>   Amount demanded [ ] does not exceed $10,000<br>   [ ] exceeds $10,000 but does not exceed $25,000<br>[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>   [ ] from limited to unlimited<br>   [ ] from unlimited to limited | CASE NUMBER:<br>CGC-08-476137 |

1. Plaintiff* (name or names): JOHN YUEN

    alleges causes of action against defendant* (name or names): METRO FUEL, LLC

2. This pleading, including attachments and exhibits, consists of the following number of pages: 9
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff (name):
         (1) [ ] a corporation qualified to do business in California
         (2) [ ] an unincorporated entity (describe):
         (3) [ ] other (specify):

   b. [ ] Plaintiff (name):
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      b. [ ] has complied with all licensing requirements as a licensed (specify):
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [✓] except defendant (name): Metro Fuel, LLC         [ ] except defendant (name):
         (1) [ ] a business organization, form unknown       (1) [ ] a business organization, form unknown
         (2) [ ] a corporation                               (2) [ ] a corporation
         (3) [ ] an unincorporated entity (describe):        (3) [ ] an unincorporated entity (describe):
         (4) [ ] a public entity (describe):                 (4) [ ] a public entity (describe):
         (5) [✓] other (specify): Limited Liability Company  (5) [ ] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

PLD-C-001

| SHORT TITLE: JOHN YUEN v. METRO FUEL, LLC | CASE NUMBER: |

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☑ Doe defendants *(specify Doe numbers):* __1 to 10__ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☑ Doe defendants *(specify Doe numbers):* __5 to 10__ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ☑ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☑ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   ☑ Breach of Contract
   ☐ Common Counts
   ☑ Other *(specify):* Fraud

9. ☐ Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☑ damages of: $ 26,600 plus $200.00 a day from May 29, 2008
    b. ☑ interest on the damages
       (1) ☑ according to proof
       (2) ☐ at the rate of *(specify):*  percent per year from *(date):*
    c. ☑ attorney's fees
       (1) ☐ of: $
       (2) ☑ according to proof.
    d. ☑ other *(specify):* Such other and further relief as this Court may deem just and proper.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 6/9/08

John J. Cullen
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]  **COMPLAINT—Contract**  Page 2 of 2

| SHORT TITLE: JOHN YUEN v. METRO FUEL, LLC | CASE NUMBER: | PLD-C-001(1) |

_____FIRST_____ CAUSE OF ACTION—Breach of Contract
(number)

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* JOHN YUEN

alleges that on or about *(date):* June 15, 2007
a ☒ written ☐ oral ☒ other *(specify):* Written Modification on November 12, 2007
agreement was made between *(name parties to agreement):* JOHN YUEN and METRO FUEL, LLC

☒ A copy of the agreement is attached as Exhibit A, or
☐ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☐ are as follows *(specify):*

BC-2. On or about *(dates):* November 13, 2007
defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
*(specify):* Defendant failed to submit and complete inventory of the General Advertising Sign along with the $560 fee per sign to cover the initial inventory processing and failed to "address all notices and seek their expeditious resolution".

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☒ as follows *(specify):* $26,600 as of May 29, 2008 and $200 per day thereafter until the Advertising Signs are removed or the City of San Francisco Planning Department's Rules and Regulations are complied with.

BC-5. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☒ according to proof.
BC-6. ☒ Other: Such other and further relief as this Court may deem just and proper.

Page ___3___

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

CAUSE OF ACTION—Breach of Contract

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-C-001(3)

| SHORT TITLE: JOHN YUEN v. METRO FUEL, LLC. | CASE NUMBER: |
|---|---|

## SECOND CAUSE OF ACTION—Fraud
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name):* JOHN YUEN

alleges that defendant *(name):* METRO FUEL, LLC

on or about *(date):* November 12, 2007    defrauded plaintiff as follows:

FR-2. ☒ Intentional or Negligent Misrepresentation
a. Defendant made representations of material fact ☐ as stated in Attachment FR-2.a ☒ as follows:
The Defendant represented to the Plaintiff that the Defendant would "address all notices and seek their expeditious resolution" and would indemnify and hold harmless from any losses, claims, liabilities, fines, penalties or judgments arising out of any claims or cause of action proximately caused by the Defendant's posting of the signs including, without limitation, civil and criminal fines and impositions for violations of building codes and/or zoning codes, including, but not limited to, instant violations, incurred with respect to the signs.

b. These representations were in fact false. The truth was ☐ as stated in Attachment FR-2.b ☒ as follows:
The Defendant did not "address all notices and seek their expeditious resolution" and has not indemnified and held harmless the Plaintiff from all losses and penalties arising out of in connections with the signs on Plaintiff's property.

c. When defendant made the representations,
☒ defendant knew they were false, or
☐ defendant had no reasonable ground for believing the representations were true.

d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. ☒ Concealment
a. Defendant concealed or suppressed material facts ☐ as stated in Attachment FR-3.a ☒ as follows:
The Defendant did not address all notices and seek their expeditious resolution and did not inform the Plaintiff that the Defendants were ignoring the City's requirements and were allowing penalties to accrue against the Plaintiff, and Plaintiff did not discover until on or about April 11, 2008.

b. Defendant concealed or suppressed material facts
☒ defendant was bound to disclose.
☐ by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page 4

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Fraud**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-C-001(3)

| SHORT TITLE: JOHN YUEN v. METRO FUEL, LLC. | CASE NUMBER: |
|---|---|

**SECOND** (number) **CAUSE OF ACTION—Fraud**

FR-4. ☑ **Promise Without Intent to Perform**
  a. Defendant made a promise about a material matter without any intention of performing it ☐ as stated in Attachment FR-4.a ☑ as follows: On November 12, 2007, the Defendant promised to indemnify and hold harmless the Plaintiff and to "address all notices and seek their expeditious resolution". The Defendant has done nothing to address all the notices and seek their expeditious resolution and has caused damage to Plaintiff in the amount of $26,600 plus $200 a day until the signs are removed or the City requirements are complied with plus the reasonable attorney's fees and emotional distress.

  b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☐ as stated in Attachment FR-5 ☑ as follows: The Plaintiff reasonably believed that the Defendant would "address all notices and seek their expeditious resolution"; and when Plaintiff received notice on or about April 11, 2008, the Plaintiff attempted on numerous occasions to contact Defendants, and Defendants have ignored the Plaintiff and has refused to communicate with the Plaintiff.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☐ as stated in Attachment FR- 6 ☑ as follows: Plaintiff has been damaged in the sum of $26,600 as of May 29, 2008, and damage continues at the rate of $200 per day until the signs are removed or the City regulations are complied with. Further, Plaintiff has been damaged by emotional stress and strain caused by the continuing penalties and damages accruing against the Plaintiff.

FIR-7. Other:

Page 5

PLD-C-001(3) [Rev. January 1, 2007]      **CAUSE OF ACTION—Fraud**      Page 2 of 2

PLD-PI-001(6)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| JOHN YUEN v. METRO FUEL, LLC | |

## Exemplary Damages Attachment

Page ___6___

ATTACHMENT TO  ☑ Complaint   ☐ Cross-Complaint

EX-1. As additional damages against defendant (name): METRO FUEL, LLC

Plaintiff alleges defendant was guilty of
- ☑ malice
- ☑ fraud
- ☑ oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:
The Defendant falsely and fraudulently with the malicious intent and purpose of inflicting pain and suffering upon the Plaintiff, failed to address all notices and seek their expeditious resolution and failed to comply with the City and County of San Francisco's requirements pursuant to Ordinance 140-06 and 200-06 and has allowed penalties to accrue against the Plaintiff in the amount of $26,600 and continues to accrue at the rate of $200.00 per day and despite their promise to do so continue to refuse to indemnify and hold harmless to Plaintiff and refuse to communicate with Plaintiff on said subject.

EX-3. The amount of exemplary damages sought is
- a. ☐ not shown, pursuant to Code of Civil Procedure section 425.10.
- b. ☐ $

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov



November 12, 2007

Mr. John Yuen
Kent & John Union Service
999 Polk Street
San Francisco, CA 94109

Re:   San Francisco Planning Department General Advertising Sign Inventory Notice

Dear Mr. Yuen:

It has come to our attention that San Francisco Planning Department representatives who have delivered notices of General Advertising Sign Inventory Requests directly to property owners who have leased space on their building or property to registered outdoor advertising companies have been urging property owners to submit a complete inventory of their general advertising signs along with a $560 fee (per sign) to cover initial inventory processing.

In response to these notices, Metro Fuel LLC has engaged and has been working with Quickdraw Permit Consulting to address all notices and seek their expeditious resolution. Metro Fuel LLC also wishes to assure you that, pursuant to our agreement with you, Metro Fuel LLC will indemnify and hold you harmless from any and all losses, claims, liabilities, fines, penalties or judgments, arising out of any claim or cause of action proximately caused by Metro Fuel LLC's posting of the Sign (except for any claims related to advertiser liabilities), including, without limitation, civil and criminal fines or impositions for violations of building codes and/or zoning regulations, including but not limited to the instant Violations, incurred with respect to the Sign.

Accordingly, we urge you to refer all further inquiries, notices or directives directly to Metro Fuel LLC so that its legal counsel and permit consultants may take appropriate and responsive action.

Your relationship with us is important and we are confident that the notices can and will be resolved in a manner that will continue to be beneficial to both of us going forward. Please do not hesitate to contact me to discuss the current status of our efforts to resolve these issues or any other matter.

Regards,

James Taggart
Vice President – Operations

www.fueloutdoor.com • 14 FIFTH AVENUE • ELEVENTH FLOOR • NY, NY 10010 • member of T.A.B. • P. 212.967.7333 • F. 212.967.7337

**FUEL**

**AD DISPLAY LEASE AGREEMENT**        LEASE # _____

The undersigned, as Lessor, hereby leases and grants exclusively to Metro Fuel, LLC, a New York limited liability company, as Lessee, a portion of the premises (with free access to and upon same), located at 999 Polk Street San Francisco CA 94109 (the "Property") for a term commencing when panels are installed and ending 60 months thereafter (the "Term"), for the purpose of erecting and maintaining one or more outdoor advertising displays therein, including, but not limited to, backlit ad displays, wildposting displays, kiosk displays and other outdoor displays, including all appurtenant supporting structures, devices, illumination facilities and connections (the "Ad Displays"). The portion of the Property subject to this Lease shall be selected by Lessee in its sole discretion and evidenced by a diagram and photograph provided by Lessee to Lessor within ninety (90) days following execution of this Lease, which evidence shall become Exhibit A to this Lease become part hereof. At any time thereafter during the Term (including any extension thereto) Lessee shall have the option of installing additional Ad Displays on the Property by providing Lessor with thirty (30) days advance written notice, and each new Ad Display will be included under this Lease and shall be evidenced by an amendment to Exhibit A and become part of this Lease.

1.  Lessee shall pay to Lessor, as and for rent, a monthly amount of $125 per each illuminated Ad Display installed, pursuant to the rent schedule set forth in Exhibit C attached hereto. This lease is open to 3 ~~to 5~~ ~~panels at lessee's option.~~ RM    3 (Illuminated panels) RM

2.  Lessee shall hold Lessor harmless from all damages to persons or property by reason of accidents resulting from the acts of Lessee's agents, employees or others employed in the construction, maintenance, repair or removal of an Ad Display on the Property.

3.  Lessor agrees that Lessor or Lessor's tenants, agents, and employees shall not place or maintain or permit others to place or maintain any object on the Property which would in any way obstruct or impair the view of Lessee's sign, nor shall Lessor permit others to use any portion of the Property for advertising or other use competitive with Lessee.

4.  This Lease shall automatically renew on the same terms and conditions for a term of equal length unless Lessee gives written notice to Lessor of its intent not to renew this Lease not less than ninety (90) days before the expiration of the initial term. Should Lessee, in its sole discretion, determine that the selling and posting of Ad Displays on the Property is not commercially viable, it may terminate this Lease at any time upon ten (10) days written notice to Lessor. If either party shall be in material breach of any of its obligations under this Lease, and such failure continues for ten (10) days after written notice from the non-breaching party, the non-breaching party may, in addition to its other available remedies, terminate this Lease.

5.  It is agreed between the parties that Lessee shall remain the owner of the Ad Displays and improvements erected or made by Lessee. Accordingly, Lessee shall have the right to remove its property from the leased premises at any time during the term or within thirty (30) days following any termination of this Lease.

6.  This Lease shall constitute the sole agreement of the parties relating to the lease of the Property. Neither party will be bound by any statements, warranties, or promises, oral or written, unless such statements, warranties or promises are set forth specifically by this Lease. In the event of any litigation to determine the rights of either party under this Lease or to construe this Lease or the obligations or either party in regard thereto, the prevailing party shall be entitled to such reasonable attorney's fees and all court costs as shall be awarded by a court of competent jurisdiction in New York, State of New York.

7.  Lessor warrants and represents that it either owns the business conducted on the Property or the Property itself, and that the undersigned is authorized to enter into and to execute this Lease. Lessor further warrants and represents that this Lease does not violate any existing property lease, is not subject to any competing air rights, unrecorded rights, servitudes, easements or other restrictions or agreements which may infringe upon the rights of Lessee hereunder and that no additional signatures are required, other than that of the undersigned, to make this a valid and binding agreement and t if it leases or manages the Property, that it has secured legal permission from the Property's landlord to allow for the execution of this Agreement and installation of Ad Displays. Lessor agrees to promptly notify Lessee, in writing, in the event one or more Ad Displays needs repair, is vandalized or stolen.

8.  This Agreement shall be binding upon and inure to the benefit of the assigns and successors of the parties. If Lessor shall sell or assign its interests in the Property, Lessor shall give Lessee written notice of such sale or assignment not less than sixty (60) days before the event, which notice shall contain the name and address of the proposed purchaser or assigns and of the escrow agent and escrow number, if and for the proposed transaction. Lessor shall further cause the purchaser or assignee to specifically assume and be bound by all of the terms and conditions



contained herein. Lessee may freely assign this Lease at its sole discretion so long as the assignee assumes and agrees to be bound by all of the terms and conditions contained herein.

9. Whenever a provision is made in this Agreement for notifying a party or for notice of any kind, the notice shall be in writing and signed by or on behalf of the party giving the notice. Notice shall be served by certified United States mail, return receipt requested, or by overnight courier (such as Federal Express or United Parcel), addressed as set forth below. If served by certified United States mail, delivery shall be conclusively deemed made on the date indicated on the return receipt; and, if delivery is not made then 72 hours after the deposit thereof in the United States mail, postage prepaid. If served by overnight courier, delivery shall be conclusively deemed made at the time of delivery to the addressee, as confirmed by the overnight courier service making delivery. A party may change addresses for notices by serving notices as provided in this paragraph. Notices to Lessor shall be given to the address of the property, unless otherwise indicated in writing.

10. This Lease shall not be altered or amended except by an instrument in writing signed by or on behalf of the Lessee and the Lessor. No agent or representative is authorized to sign on behalf of Lessor or Lessee. This Agreement may be executed and delivered by facsimile.

Modifications: _3-4 Panel to be installed — 2 installed Phase 1_

LESSOR: Kent & John Union Service

Signature: _____

Print Name: John Yneb

Title: PROPERTY OWNER

Date: _June 9, 2007_

Social or Fed Tax ID: _____

Telephone: (415) 441-5955  Fax (415) 441-5955

LESSEE: Metro Fuel LLC

Signature: _____

Print Name: SETH LIPPERT

Title: West Coast Fuel Outdoor President

Date: _6/15/07_

Telephone: 212-967-7333   Fax: 212-967-7337

149 5th Avenue, 11th Floor, New York, NY 10010

Lessor Mailing Address (if different Property address):

999 Polk Street
San Francisco CA 94109

11. If landlord builds on property, buyer does not want signage, landlord will have the right to remove panels with a 60 day notice.
R.M

EXHIBIT B

| Location Address | Cross Streets | Number of Panels | Price per panel per month |
|---|---|---|---|
| 999 Polk Street | Geary | 3 ~~to 5 panels~~ RM | $125 |