UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
------------------------------------------------------------------------x
METRO FUEL LLC, a Delaware limited
liability company,                                                                  No. C07-6067 JSW

        Plaintiff,

  vs.

CITY OF SAN FRANCISCO, a municipal corporation,
COUNTY OF SAN FRANCISCO, a subdivision of the
State of California, CITY AND COUNTY OF SAN
FRANCISCO, a chartered California city and county.

        Defendants.

------------------------------------------------------------------------x

## DECLARATION OF JEREMY PAUL

JEREMY PAUL declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the principal of Quickdraw Permit Consulting ("Quickdraw"), located at 60 Otis Street in San Francisco. Quickdraw, which has been doing business in San Francisco since 1989, specializes in building permit facilitation, code compliance, zoning variances, conditional uses, and land use entitlements. I regularly represent property owners before the San Francisco Planning Commission and Board of Appeals on planning and zoning matters.

2. I submit this declaration in support of the motion by Plaintiff Metro Fuel LLC ("Fuel") for a preliminary injunction in this case.

3. The San Francisco Planning Code contains a variety of significant restrictions on the ability to place advertising signs in the City of San Francisco (the "City").

For example, advertising signs are completely prohibited in residential zoning districts (Planning Code § 606(a)(3)); in close proximity to schools and parks (Planning Code § 608.2); along certain streets that have been designated as scenic (Planning Code § 608.6); and in a variety of designated special sign districts (e.g., Planning Code §§ 608.3, 608.9, 609.10).

    4.    The City, however, does not play by its own rules. Through the enactment of amendments to the San Francisco Planning Code, the City has granted itself a broad exemption for its street furniture advertising programs, exempting its bus shelters, so-called "public service kiosks," and newsracks from the zoning restrictions that otherwise would apply to advertising signs on those structures. The zoning exemption for the City's bus shelters has been codified in section 608(j) of the Planning Code; the exemption for its kiosks has been codified in section 608(m) of the Planning Code; and the exemption for its newsracks has been codified in section 608(n) of the Planning Code.

    5.    In June 2008, Fuel retained me to do an analysis of the extent to which the advertising signs on the City's street furniture would violate its own zoning rules but for these blanket exemptions – that is, to determine which of the City's street furniture signs are "legal" in the sense that they would be eligible for permits under the City's rules, and which of the City's street furniture signs are "illegal" in the sense that they violate the very Planning Code restrictions on advertising signs that Fuel's signs have been accused of violating.

    6.    In order to perform such an analysis, one would need access to lists detailing the locations of all of the City's bus shelters, kiosks, and newsracks that bear advertising signs, as the City's restrictions on advertising signs are location-based and vary by zoning district. However, Fuel has informed me that the City thus far has not been willing to produce such location lists for its street furniture.

7.	Still, one does not need location lists in order to determine, as I have, that, at the very least, a great many of the City's street furniture advertising signs blatantly violate the underlying zoning restrictions that would render these signs illegal were it not for the exemptions the City has given itself.

8.	First, section 606(a)(3) of the Planning Code categorically prohibits general advertising signs in any residential zoning district.  However, the City has placed numerous general advertising signs on street furniture in residential districts throughout the City.  For example, there are two bus shelters bearing general advertising signs on Oshaughnessy Street between Portola Drive and Evelyn Way.  There are two bus shelters bearing general advertising signs on Judah Street between 6th Avenue and 7th Avenue.  There are three bus shelters bearing general advertising signs along Lincoln Way at Funston Avenue, 15th Avenue, and 17th Avenue.  These general advertising signs, all of which are located in residential zoning districts, would be illegal but for the blanket exemption that the City has given itself.

9.	Section 608.2 of the Planning Code categorically prohibits general advertising signs within 100 feet of a school or 200 feet of a park.  However, the City has placed a bus shelter bearing general advertising signs on Castro Street between 25th Street and Clipper Street within 100 feet of the James Lick Middle school.  The city has also placed two bus shelters bearing general advertising signs on Point Lobos Avenue near 48th Avenue well within 200 feet of Sutro Park.  And the three bus shelters bearing general advertising signs along Lincoln Way discussed above all are well within 200 feet of Golden Gate Park.  All of these general advertising signs would be illegal but for the blanket exemption that the City has given itself.

10. Section 607(a) of the Planning Code prohibits general advertising signs in any commercial district that are within 200 feet of Union Square Park. However, the City has placed a bus shelter bearing general advertising signs on Geary Street at the intersection of Stockton Street, well within 200 feet of and in view of Union Square Park. These general advertising signs would be illegal but for the blanket exemption that the City has given itself.

11. Section 608.6 of the Planning Code prohibits general advertising signs within the areas along the scenic streets that have been designated as special sign districts on Sectional Map SSD of the Zoning Map of the City and County of San Francisco, including Point Lobos Avenue from El Camino Del Mar to its intersection with the Great Highway, 19th Avenue from Lincoln Way to Junipero Serra Boulevard, and Sloat Boulevard from the Great Highway to Junipero Serra Boulevard. However, the City has placed all of the following street furniture bearing general advertising signs along these designated scenic streets: the bus shelters discussed above on Point Lobos Avenue 48th Avenue; numerous bus shelters along 19th Avenue, including two at Irving Street, one at Judah Street, two at Quintara Street, one at Taraval Street, two at Vincente Street (within 200 feet of Larsen Park, no less), one at Winston Drive, one at Holloway Avenue, and one at Junipero Serra Boulevard; and several bus shelters along Sloat Boulevard, including one near 36th Avenue, one near Clearfield Drive, and one near Everglade Drive. These general advertising signs would all be illegal but for the blanket exemption that the City has given itself.

12. Section 608.3 of the Planning Code prohibits general advertising signs within the Civic Center Special Sign Districts Numbers 1 and 2, as designated on Sectional Map SSD of the Zoning Map of the City and County of San Francisco. However, the City has placed all of the following street furniture bearing general advertising signs in the Civic Center Special

Sign District: five public service kiosks on Market Street between Hayes Street and McAllister Street; two newsracks at Market Street and 9th Street; four newsracks at Market Street and 8th Street; one newsrack at Market Street and 7th Street; two bus shelters and one newsrack on McAllister Street between Larkin Street and Van Ness Avenue; and one bus shelter on Larkin Street at the corner of McAllister Street.

13. Section 608.9(b)(1) of the Planning Code prohibits general advertising within special sign district known as the "Jackson Square Special Sign District" as designated on Sectional Map SSD of the Zoning Map of the City and County of San Francisco. However, the City has placed one circular kiosk bearing general advertising signs on Kearny Street at Columbus Avenue, and one bus shelter bearing general advertising signs on Sansome Street near Washington Street. These general advertising signs would be illegal but for the blanket exemption that the City has given itself.

14. Sections 608.10(b)(1) and (b)(2) of the Planning Code prohibits general advertising signs within special sign district known as the Upper Market Special Sign District in the vicinity of Market Street from the Central Skyway overpass to Diamond Street as designated on Sectional Map SSD of the Zoning Map of the City and County of San Francisco (as well as within 200 feet of said Special Sign District). However, the City has placed the following street furniture bearing general advertising signs in the Upper Market Special Sign District: numerous public service kiosks along Market Street, including one near Guerrero Street, two near Church Street, one near Sanchez Street, one near Noe Street, and one near Castro Street; one kiosk on Castro Street and 18th Street; one public toilet on Market Street near Castro Street; several bus shelters along Market Street, including one near Sanchez Street and two near Castro Street; and

two bus shelters at Castro Street and 18th Street. These general advertising signs would be illegal but for the blanket exemption that the City has given itself.

15. Section 607.1(e) of the Planning Code prohibits general advertising signs in the Inner Sunset Neighborhood Commercial District. However, the City has placed the following street furniture bearing general advertising signs in the Inner Sunset Neighborhood Commercial District: one bus shelter on Irving Street near the intersection of 7th Avenue; one bus shelter on 9th Avenue at the corner of Judah Street; one bus shelter on Lincoln Way near the intersection of 9th Avenue; and two bus shelters on the corner of Lincoln Way and 9th Avenue. These general advertising signs would be illegal but for the blanket exemption that the City has given itself

15. To repeat, this is not intended to be, nor is it, an exhaustive list of instances in which the City's street furniture advertising signs violates the City's own zoning restrictions on signage. To the contrary, there plainly are many more examples of the City violating its own rules, which we intend to demonstrate with specificity when we obtain comprehensive location lists from the City and undertake a complete analysis of all of the City's street furniture signage. For present purposes, it suffices to observe that the City clearly sanctions and derives revenue from a great many advertising signs that, but for the blanket exemptions discussed above, would violate its own zoning rules.

Dated: July 9, 2008
     Bangkok, Thailand

_____
JEREMY PAUL