UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
-----------------------------------------------------------x
METRO FUEL LLC, a Delaware limited
liability company,                                                          No. C07-6067 JSW

        Plaintiff,

vs.

CITY OF SAN FRANCISCO, a municipal corporation,
COUNTY OF SAN FRANCISCO, a subdivision of the
State of California, CITY AND COUNTY OF SAN
FRANCISCO, a chartered California city and county,

        Defendants.

-----------------------------------------------------------x

## DECLARATION OF VIJAY PATEL

VIJAY PATEL declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I submit this declaration in support of the motion by Plaintiff Metro Fuel LLC for a preliminary injunction in this case.

2. I, Vijay Patel, own a property located at 1485 Bush Street in San Francisco. Pursuant to a lease agreement between Metro Fuel and Vijay Patel Investments LLC, Metro Fuel has placed and operates two panel signs on this property.

3. On or about February 27th, 2008, the City of San Francisco Planning Department issued a violation to VIJAY INVESTMENTS, LLC alleging that Metro Fuel's panel sign is illegal and purportedly imposing a fine of $200 per day (approximately $13,000 to date). A true and correct copy of this notice of violation is attached to this declaration as Exhibit A.

4.      I notified Metro Fuel of this notice of violation and was informed that Metro Fuel had filed this lawsuit in federal court challenging the constitutionality of the advertising sign restrictions at issue. I informed Metro Fuel that I am very concerned about the notice of violation and the steep fines that the City claims are accruing. Metro Fuel explained that there would be a court appearance in the federal court action on July 11, 2008, and that Metro Fuel would be asking the Court to issue an injunction barring the City from acting on the notice of violation during the pendency of the lawsuit.

I have also informed Metro Fuel that T-Mobile has offered me a significant amount of money to place telecommunications antennae on my property which would generate significant income for me during these economic downtimes. When T-Mobile went to obtain their permits they were denied. These violations are now affecting my ability to generate additional income from my own property. The woman that I spoke to from T-Mobile indicated that she called the City to obtain the building permit to start building the telecommunications antenna and she was told that the property had violations filed against it as a result of panel signs and that no further permits would be able to be obtained until such time as the violations are remedied. Lisa Niedermeier from Metro Fuel was also contacted by a representative from T-Mobile and informed that T-Mobile cannot get a permit to build their site because of the signage violation. I cannot believe that another the City is preventing T-Mobile from obtaining a permit to build a new telecommunications location which would provide me as the property owner and T-Mobile as the prospective tenant, from building the structure which would support hundreds of local San Francisco residents with better cellular coverage It is my understanding that an application for the permit was submitted and subsequently rejected. I am at a loss as to how I should remedy this situation as the City will not even accept the application for the permit yet I

cannot get a permit for something completely unrelated. I feel strongly that I should not be precluded from deriving additional income from my property for a totally unrelated lease opportunity.

        5.       I informed Metro Fuel that if this issue is not resolved shortly, I will have no choice but to remove the panel signs from my property as not only am I losing money from the signage and the violations but I am also losing a substantial amount from the T-Mobile cell site. I understand that there is strong legal precedent supporting Metro Fuel's constitutional claim, but I cannot risk the possibility that the City's notice of violation will be upheld and that the $200 penalty will later be enforced. Unless the Court intervenes soon, the panel sign will be removed.

Dated: July 15, 2008
       San Francisco, California

                                              _____
                                              VIJAY PATEL INVESTMENTS LLC

# Exhibit A



# SAN FRANCISCO
# PLANNING DEPARTMENT

## Notice of Violation
### General Advertising Sign

Date: February 27, 2008
Case No.: 9390
Site Address: 1485 Bush Street
Sign ID: EKC54 (6x4 north-facing wall sign)
Sign ID: EKC55 (6x4 north-facing wall sign)
Zoning: RC-4 (Residential-Commercial Combined Districts, High Density)
Block/Lot: 0670/017

Jonathan Purvis – (415) 558-6354
Jonathan.purvis@sfgov.org

Property Owner:
Vijaykumar D & Ramilabe Patel
2 W Clay Street
San Francisco, CA 94121

Sign Company:
Unknown

The Planning Department has recently inspected the above-referenced property and has determined that one or more violations of the Planning Code exist on the site with respect to the general advertising signs referenced above. The exact nature of the violation is detailed below:

## DESCRIPTION OF VIOLATION

There is no record of a building permit being issued for the above-referenced general advertising signs. This is a violation of Planning Code Section 604. You must address this notice by providing evidence of an approved permit to install the signs or by applying for a building permit to remove the signs.

*Timeline to respond.*

Under Section 610 of the Planning Code, the responsible party has forty-five (45) days from the date post-marked on this notice or date of hand-delivery to file an application for a permit to remove the signs or reconsideration of this Notice of Violation before an Administrative Law Judge.

[Fa]ilure to [respond to] this Notice of Violation within 45 days from the date of this letter will result in a referral [to the City Attorney] for further action, including penalties, which will accrue beginning on the 46th day at [a rate based on] the size of the sign. For the subject signs, at 24 square feet each, the penalty is [$250 or $]200 per day. Furthermore, Section 176(c)1 of the Planning Code provides for [an award of costs] to those authorized in Section 610, of not less than $200 for each day a violation [is allowed] to continue. If the above violation involves Section 604.1 of the Planning Code, [additional penalties] may be imposed by the Planning Director.

Notice of Violation

1465 Bush Street

*Building permit to remove or correct violation.*
You have thirty (30) days from the filing of the building permit to either (1) obtain a Final Inspection Approval or Certificate of Completion from the Department of Building Inspection (DBI) or remove all copy from the signs until such approval from DBI is obtained. If the required approvals have not been obtained within this time period, penalties will accrue at the above referenced amount of $100 per day.

To avoid penalties, we strongly suggest that you send a photo (preferably via email) to the staff person shown at the top of this notice to confirm when the violation has been abated.

### REQUEST FOR RECONSIDERATION HEARING

*Written request for hearing and fees.*
If you seek reconsideration of this Notice of Violation, you must complete a Request for Reconsideration application, which is available online at www.sfplanning.org. The request must include evidence that demonstrates why this Notice of Violation was issued in error or why the administrative penalties assessed were in error. You must enclose a check for $3,400 payable to the Planning Department for the initial hearing fee.

*Other applications under Planning Department consideration.*
We want to assist you in ensuring the property is in full compliance with the Planning Code and that no violations are pending. The Planning Department requires that pending violations be resolved prior to the processing and approving of any new building permits or other applications. Therefore, any applications under consideration by the Planning Department for the subject site will be placed on hold until further notice.

Sincerely,

John Rahaim
Director of Planning