DENNIS J. HERRERA, State Bar #139669
City Attorney
KRISTEN A. JENSEN, State Bar #130196
THOMAS S. LAKRITZ, State Bar #161234
VICTORIA WONG, State Bar #214289
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102
Telephone:     (415) 554-6547
Facsimile:     (415) 554-4747
E-Mail:        tom.lakritz@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO FUEL LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>        vs.<br><br>CITY OF SAN FRANCISCO, a municipal corporation, COUNTY OF SAN FRANCISCO, a subdivision of the State of California, CITY AND COUNTY OF SAN FRANCISCO, a chartered California city and county and DOE 1 through DOE 10,<br><br>        Defendants. | Case No. C07-6067 JSW<br><br>**ADMINISTRATIVE MOTION TO CONTINUE MEET AND CONFER AND BRIEFING DATES; REQUEST FOR CLARIFICATION REGARDING PAGE LIMITS** |

Defendants the City and County of San Francisco, sued herein as the City of San Francisco, County of San Francisco, and City and County of San Francisco (collectively, "the City"), on behalf of itself and no other persons or entity, submits this administrative motion to obtain relief from certain calendaring deadlines set by the Court during its July 11, 2008 Case Management Conference pursuant to Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Civil L.R. 7-11 (Motion for Administrative Relief) and Civil Standing Order No. 3 of this Court.  The filing of this motion is necessary because counsel for the Plaintiff has refused to stipulate, except as noted below, to the relief requested herein.

## INTRODUCTION

The City makes this administrative motion pursuant to Local Rule 7-11 because counsel for the City, Thomas S. Lakritz, is out of the office responding to a family emergency, and will require an extension of two dates set by the Court at the last Case Management Conference.  Notwithstanding this situation, Plaintiff's counsel has refused to stipulate to continuance of both of the relevant dates, insisting instead that someone at the City who is not actively involved in this case should review Plaintiff's motion for preliminary injunction—served while Mr. Lakritz was on vacation and the very day that the family emergency arose—and on that basis negotiate and report to the court regarding the scope of discovery the city will require to defend against that motion.  Plaintiff's insistence that a new attorney step in for this limited purpose is patently unreasonable under the circumstances.  As a result, the City seeks relief from the Court from the meet-and-confer and reporting dates set by the Court, and from the date set for the City to file its motion for judgment on the pleadings.  The City requests a two-week extension on both dates. In addition, the City seeks clarification of the page limitation set by the Court for the City's motion, as outlined further below.

## STATEMENT OF FACTS

On Friday, July 11, 2008, this Court held a Case Management Conference in this case. [Jensen Declaration at Exh. 1.]  Mr. Lakritz appeared on behalf of the City.  [*Id*. at ¶5.]  At that Case Management Conference, the Court lifted the stay of litigation in this matter; granted Plaintiffs leave to file a motion for preliminary injunction; ordered that the parties meet and confer regarding the City's entitlement to discovery to defend against the proposed motion for preliminary injunction to be

ADMINISTRATIVE MOTION TO CONTINUE  
USDC No. C07-6067 EMC

1

n:\land\li2008\080804\00498137.doc

1  filed by Plaintiff; ordered the parties to report back to the Court the results of such meet and confer
2  efforts; and ordered the City to file its motion for judgment on the Pleadings no later than August 1,
3  2008. [*Id*.]   These dates were based, in part, on the representation of Mr. Lakritz that he would be out
4  of town the week of July 14, 2008.  At the conference, the court also asked Mr. Lakritz whether he
5  would require additional pages for his motion for judgment on the pleadings.  Believing that the
6  Court was referring to the 25-page limit set forth in the Northern District's local rules (Civil L.R. No.
7  7-4(b)), counsel answered in the negative.  He later concluded that the Court may have been referring
8  to its standing order.  As a result, it is unclear what page limit applies to the City's motion.  To
9  address this issue, after the Case Management Conference, counsel for the City contacted plaintiffs'
10 counsel regarding the page limits, and requested that they stipulate to a limit of 25 pages for the City's
11 motion. [Jensen Dec. at ¶6.]  To date, the City has received no response.  [*Id*.]

12        On Friday, July 18, 2008, Mr. Lakritz' elderly father was in a serious car accident.  [*Id*. at ¶7.]
13 At the time of submission of this motion, Mr. Lakritz' father remains in critical condition, in the
14 intensive care unit of a hospital located outside the Bay Area.  [*Id*.]  Mr. Lakritz, along with members
15 of his family, is attending to his father and his personal business.  [*Id*.]

16        Also on July 18, 2008, Plaintiffs served their motion for preliminary injunction on the City
17 Attorney's Office.  [*Id*. at ¶8.]  As previously noted, Mr. Lakritz was on vacation, and has not returned
18 to the office since the brief was filed.  [*Id*.]

19        Mr. Lakritz contacted the office late morning on July 21, 2008, to notify the undersigned that
20 he would be unable to return to work until his father's condition stabilized.  [*Id*. at ¶9]  It is unclear
21 how long this will take.  He asked that I contact opposing counsel and seek a two-week extension of
22 the meet-and-confer and joint report date, and the filing date for the City's Motion for Judgment on
23 the Pleadings.  [*Id*.]  When I called Mr. Hecker, he informed me that he would not stipulate to a two-
24 week continuance of the meet-and-confer and reporting requirement regarding the City's need for
25 discovery.  [*Id*. at ¶10]  He further indicated that plaintiff's position is that the City is not entitled to
26 conduct any discovery prior to responding to the preliminary injunction motion.  [*Id*.]   He described
27 the Plaintiff's motion as "a question of law sprinkled with disputed issues of fact," and took the
28 position that the City would require no factual discovery in order to respond to that motion.  [*Id*.]

ADMINISTRATIVE MOTION TO CONTINUE                    2                       n:\land\li2008\080804\00498137.doc
USDC No. C07-6067 EMC

Notwithstanding these positions, Mr. Hecker did suggest that he would be willing to continue the date for the City to file its motion for judgment on the pleadings. [*Id*.]

To date, due to in part to a previous stay of the action by the Court, no discovery has been conducted in this case. [*Id*. at ¶11.]

Mr. Lakritz is the Deputy City Attorney responsible for this case. [*Id*. at ¶ 12] As of the time of writing this motion, Mr. Lakritz has not seen Plaintiff's moving papers. [*Id*.] Although I generally supervise Mr. Lakritz and his caseload, I am not actively involved in the day-to-day management of the case, have not reviewed the preliminary injunction motion, and am not aware of all of the prior discussions between counsel regarding the City's need for particular discovery to defend against the preliminary injunction motion. [*Id*.]

## ARGUMENT
### I. THE COURT SHOULD GRANT A TWO-WEEK EXTENSION.

Through no lack of diligence on his part, the City's counsel in this case is unable to meet two deadlines set by the Court at the Case Management Conference. To address this situation, the City requests a two-week extension of these dates. This would require the parties to meet and confer and report to the Court as to any agreements regarding the City's entitlement to discovery to defend against the preliminary injunction motion no later than Friday, August 8, 2008. The City's motion for judgment on the pleadings would then be due no later than Friday, August 15, 2008. This request is reasonable under the circumstances.

Specifically, Mr. Lakritz is the City's attorney responsible for this case. [Jensen Decl. at ¶12.] He has previously engaged in a number of discussions with Plaintiff's counsel regarding the proposed motion for preliminary injunction, the documents the City will require to defend against that motion, and the Plaintiff's position that no discovery is warranted in response to their motion. Plaintiff's counsel has conceded that the preliminary injunction motion presents disputed issues of fact [*id*. at ¶10], and has offered no justification to date for their refusal to provide limited discovery in order for the City to defend against the preliminary injunction motion. Mr. Lakritz has not had an opportunity to review that motion because of his father's serious car accident and subsequent hospitalization. [*Id*. at ¶8]

1   Although neither party has made Fed. R. Civ. P. 26 disclosures and neither party has
2   conducted discovery nor disclosed experts, Metro Fuel seeks to deny the City an opportunity to
3   obtain needed material to oppose Metro Fuel's motion for a preliminary injunction.  On June 25,
4   2008, the City Attorney's Office provided Metro Fuel's counsel with a list of material the City needs
5   to oppose Metro Fuel's motion for a preliminary injunction.  A copy of the list is attached as Exhibit
6   C to the City's Response to Administrative Motion, filed with this Court on July 9, 2008.  The City
7   will be prejudiced if its counsel is not provided with adequate time to review the motion for
8   preliminary injunction and, based on that motion, confer with Plaintiff's counsel to negotiate the
9   scope of discovery necessary for the City to defend against the preliminary injunction.

Plaintiff, on the other hand, will not be prejudiced by a two-week extension.  Metro Fuel filed this action on November 30, 2007, 477 days (over 15 months) after the trial court issued its ruling in *Metro Lights, L.L.C. v. City of Los Angeles,* 488 F.Supp.2d 927 (C.D. Cal. 2006), *appeal docketed*, No. 07-55179 (9th Cir. Feb. 1, 2007).  After waiting over a year to file the present action, Metro Fuel then waited another 46 days to serve the City with the complaint.  Next, Metro Fuel requested and stipulated to an October 2009 trial date for this matter.  These delays, along with Metro Fuel's earlier representation to the Court regarding the prudence of staying the matter pending the outcome of the *Metro Lights* case, demonstrates that Metro Fuel does not reasonably believe it will be prejudiced if a two-week extension is granted.

## II.  THE CITY IS ENTITLED TO A 25-PAGE LIMIT ON ITS MOTION FOR JUDGMENT ON THE PLEADINGS.

In its response to the Plaintiff's administrative motion, the City indicated that it would agree to a 25-page limit on the briefing in support of and opposition to the motion for preliminary injunction. [City's Response at p. 5.]  The City also indicated that it sought the same page limits for its motion for judgment on the pleadings.  [*Id*.]  However, it is unclear what limits the Court has imposed on the length of the City's supporting brief.  As a result, the City requests clarification that it may have 25 pages to brief its motion, and that Plaintiffs may likewise file a brief not to exceed 25 pages in length in opposition to the City's motion.

**CONCLUSION**

For the reasons set forth above, the City requests a two-week extension in consideration of the family emergency now facing its primary counsel, Mr. Lakritz. In addition, the City seeks confirmation that it may file a brief not to exceed 25 pages in support of its motion for judgment on the pleadings.

Dated:  July 22, 2008

          DENNIS J. HERRERA
          City Attorney
          KRISTEN A. JENSEN
          THOMAS S. LAKRITZ
          VICTORIA WONG
          Deputy City Attorneys

By: _____/s/_____
          KRISTEN A. JENSEN
          Attorneys for Defendant
          CITY AND COUNTY OF SAN FRANCISCO