DENNIS J. HERRERA, State Bar #139669
City Attorney
KRISTEN A. JENSEN, State Bar #130196
THOMAS S. LAKRITZ, State Bar #161234
VICTORIA WONG, State Bar #214289
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102
Telephone:    (415) 554-6547
Facsimile:    (415) 554-4747
E-Mail:       tom.lakritz@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO FUEL LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITY OF SAN FRANCISCO, a municipal corporation, COUNTY OF SAN FRANCISCO, a subdivision of the State of California, CITY AND COUNTY OF SAN FRANCISCO, a chartered California city and county and DOE 1 through DOE 10,<br><br>        Defendants. | Case No. C07-6067 JSW<br><br>**DECLARATION OF KRISTEN A. JENSEN IN SUPPORT OF CITY'S ADMINISTRATIVE MOTION TO CONTINUE MEET AND CONFER AND BRIEFING DATES; REQUEST FOR CLARIFICATION REGARDING PAGE LIMITS** |

I, KRISTEN A. JENSEN, hereby declare:

1. I am an attorney admitted to practice before all courts in the State of California.

2. I am a Deputy City Attorney of the City and County of San Francisco licensed to practice law within the State of California, and I am one of the attorneys for the City and County of San Francisco, sued herein as the City of San Francisco, County of San Francisco, and City and County of San Francisco (collectively, "City"), and am the direct supervisor of Thomas S. Lakritz, the attorney principally responsible for this matter.

3. I make this Declaration in support of the City's Administrative Motion to Continue Meet and Confer and Briefing Dates and Request for Clarification Regarding Page Limits.

4. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto.

5. On Friday, July 11, 2008, this Court held a Case Management Conference in this case. A true and correct copy of the minutes of that Case Management Conference is attached as Exhibit 1 hereto. Mr. Lakritz appeared on behalf of the City. At that Case Management Conference, the Court lifted the stay of litigation in this matter; granted Plaintiffs leave to file a motion for preliminary injunction; ordered that the parties meet and confer regarding the City's entitlement to discovery to defend against the proposed motion for preliminary injunction to be filed by Plaintiff; ordered the parties to report back to the Court the results of such meet and confer efforts; and ordered the City to file its motion for judgment on the Pleadings no later than August 1, 2008. These dates were based, in part, on the representation in the City's Response to Administrative Motion that Mr. Lakritz would be out of town the week of July 14, 2008.

6. The City's Response to the Plaintiff's Administrative Motion indicated that the City agreed to a page limit of 25 pages for the moving and opposing briefs in connection with the Plaintiff's preliminary injunction motion, and agreed to the same page limits with respect to the City's proposed motion for judgment on the pleadings. However, Mr. Lakritz was uncertain after the hearing what page limits the Court had set as to the City's motion. Therefore, after the Case

Management Conference, counsel for the City contacted plaintiffs' counsel regarding the page limits, and requested that they stipulate to a limit of 25 pages for the City's motion. As of July 21, the City has received no response.

7. Mr. Lakritz has informed me that, on Friday, July 18, 2008, his elderly father was in a serious car accident. At the time of submission of this motion, Mr. Lakritz' father remains in critical condition, in the intensive care unit of a hospital located outside the Bay Area. Mr. Lakritz, along with members of his family, is attending to his father and his personal business.

8. The City received a copy of the Plaintiff's moving papers in support of its motion for preliminary injunction on July 18, 2008. Mr. Lakritz was on vacation that day, as he had indicated to the Court and opposing counsel, and has not received a copy of those papers.

9. Mr. Lakritz contacted the office late morning on July 21, 2008, to notify the undersigned that he would be unable to return to work until his father's condition stabilized. It is unclear how long this will take. He asked that I contact opposing counsel and seek a two-week extension of the meet-and-confer and joint report date, and the filing date for the City's Motion for Judgment on the Pleadings.

10. When I called Mr. Hecker, he informed me that he would not stipulate to a two-week continuance of the meet-and-confer and reporting requirement regarding the City's need for discovery. [*Id*.] He further indicated that Plaintiff's position is that the City is not entitled to conduct any discovery prior to responding to the preliminary injunction motion. He described the Plaintiff's motion as "a question of law sprinkled with disputed issues of fact," but took the position that the City would require no factual discovery in order to respond to that motion. Notwithstanding these positions, Mr. Hecker did suggest that he would be willing to continue the date for the City to file its motion for judgment on the pleadings. Mr. Hecker followed our conversation with an e-mail confirming Plaintiff's positions.

11. To date, due to in part to a previous stay of the action by the Court, no discovery has been conducted in this case.

12. Mr. Lakritz is the Deputy City Attorney responsible for this case. Although I generally supervise Mr. Lakritz and his caseload, I am not actively involved in the day-to-day

DEC. OF JENSEN ISO ADMIN. MOTION TO CONTINUE; USDC No. C07-6067 JSW          2          n:\land\li2008\080804\00498266.doc

1  management of the case, have not reviewed the preliminary injunction motion, and am not aware of
2  all of the prior discussions between counsel regarding the City's need for particular discovery to
3  defend against the preliminary injunction motion.
4
5      I declare under penalty of perjury under the laws of the State of California that the foregoing
6  is true and correct, and that this declaration was made on July 22, 2008, in San Francisco, California.
7
8      By: _____/s/_____.
9          KRISTEN A. JENSEN

DEC. OF JENSEN ISO ADMIN. MOTION TO CONTINUE; USDC No. C07-6067 JSW     3     n:\land\li2008\080804\00498266.doc