DENNIS J. HERRERA, State Bar #139669
City Attorney
KRISTEN A. JENSEN, State Bar #130196
THOMAS S. LAKRITZ, State Bar #161234
VICTORIA WONG, State Bar #214289
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102
Telephone:     (415) 554-6547
Facsimile:      (415) 554-4747
E-Mail:          tom.lakritz@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO FUEL LLC, a Delaware limited liability company,<br><br>                Plaintiff,<br><br>     vs.<br><br>CITY OF SAN FRANCISCO, a municipal corporation, COUNTY OF SAN FRANCISCO, a subdivision of the State of California, CITY AND COUNTY OF SAN FRANCISCO, a chartered California city and county and DOE 1 through DOE 10,<br><br>                Defendants. | Case No. C07-6067 JSW<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S OBJECTIONS TO DECLARATIONS AND EVIDENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**<br><br>Hearing Date:     November 14, 2008<br>Time:                    9:00 A.M.<br>Place:                   Courtroom 2, 17th Fl.<br><br>Trial Date:           October 26, 2009 |

Pursuant to Rule 201, Defendant the City and County of San Francisco, sued herein as the City of San Francisco, County of San Francisco, and City and County of San Francisco (collectively, "the City" or "San Francisco") hereby objects, as described below, to the declarations of Jerry Wachtel and Jeremy Paul submitted by Plaintiff Metro Fuel LLC ("Metro Fuel") in support of its motion for preliminary injunction.

## I. OBJECTIONS TO DECLARATION OF JERRY WACHTEL

### A. Mr. Wachtel's Declaration Is Unsupported By Scientific Evidence

#### 1. Mr. Wachtel's field study does not satisfy the *Daubert* standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Federal Rule of Evidence 702 requires expert testimony to reflect "scientific, technical or other specialized knowledge." In *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993), the Supreme Court interpreted Fed. R. Evid. 702 and required an expert's opinion to be based on "methods and procedures of science," rather than "subjective belief or unsupported speculation." *Id.* at 592-593. Mr. Wachtel's field study does not satisfy the *Daubert* standard.

Mr. Wachtel described his "field study" as follows:

> During the course of two days (6/29/08 and 7/5/08), I was driven along certain streets within San Francisco. I selected these streets because they included typical Fuel signs, and because they represented several different driving environments within the City. The field study was spread over two days because I wanted to obtain both daytime and nighttime data, and because Market Street, one of my chosen thoroughfares, was closed to traffic during my fist visit. In addition, I revisited a subset of the locations on a third occasion (7/13/08) to verify the accuracy of recorded data from prior visits.

Declaration of Jerry Wachtel ("Wachtel Decl."), ¶ 18.

Mr. Wachtel's "field study" reviewed "distance from curb" (Wachtel Decl. ¶¶ 20-23), "elevation above grade" (Wachtel Decl. ¶¶ 24-26), and "illumination" (Wachtel Decl. ¶ 27). But Mr. Wachtel failed to establish that such a field survey meets the minimum standards of reliability under *Daubert*. Indeed, neither Metro Fuel nor Mr. Wachtel can establish that such a filed survey meets the minimum standards of reliability under *Daubert*, because such a filed study has not attained general acceptance.

In *Metro Lights, L.L.C. v. City of Los Angeles,* 488 F. Supp. 2d 927 (C.D. Cal. 2006), *appeal docketed*, No. 07-55179 (9th Cir. Feb. 1, 2007), *Metro Lights* submitted a similar declaration from

William Kunzman. Mr. Kunzman recently conceded, under oath, that such a field study is not supported by scientific evidence and, more importantly, is not a generally accepted method of evaluating whether general advertising signs on street furniture impact driver or pedestrian safety.

> Q: Okay. Are you aware of any studies that – how- so how- are you aware of any studies that indicate that measuring the distance between the sign and the lanes of traffic is – correlates with a sign being a traffic hazard?
>
> A: No. This- this- this is kind of ground-breaking stuff here in the sense that I'm not sure anybody had ever done this type of – of analysis before.
>
> So when I determined a methodology, I – you know, I determined pretty quickly you'd have to make some definition of when you see a sign. I chose the 15-degree cone. You could have used 20 degrees or some other degree, but 15 is – happens to be one traffic people use for signs, you know, directional signs.
>
> And once you pick your measurement, once you define your yardstick, then everything else mathematically basically falls into place.
>
> * * *
>
> Q: Are you aware of any studies that support the notion that the yardstick that you chose correlates with traffic safety?
>
> A: No. And I – and I didn't choose that yardstick for that reason. It was just defining when – when something is seen by the eye is how I – that why I used 15 degrees.

Transcript of July 22, 2008 Deposition of William Kunzman at pp. 89-91, taken in *Summitt Media LLC v. City of Los Angeles*, No. 07-2649 RSWL (C.D. Cal. filed. Apr. 20, 2007).

A copy of Mr. Kunzman's deposition is attached to CBS-Decaux's Motion For Leave To File Supplemental Brief To Remedy Misleading Statements By Metro Lights filed August 13, 2008 in *Metro Lights, L.L.C. v. City of Los Angeles,* 488 F.Supp.2d 927 (C.D. Cal. 2006), *appeal docketed*, No. 07-55179 (9th Cir. Feb. 1, 2007) and *Metro Lights, L.L.C. v. City of Los Angeles* No. 04-1037, 2006 WL 4941839 (C.D. Cal. Nov. 3, 2006), *appeal docketed*, No. 07-55207 (9th Cir. Feb. 9, 2007). San Francisco requests that this court take judicial notice of CBS-Decaux's motion, including the attachments, and its supplemental brief, and Metro Lights' opposition brief filed on August 22, 2008. *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) (noting that a court "may properly take judicial notice of the papers filed" in both federal and state court proceedings); *Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1055 (S.D. Cal. 2006) ("Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a

document was filed in another court case").  True and correct copies of these filings are attached as Exhibits D, E and F hereto.

### 2. Mr. Wachtel's Conclusions Have Been Called Into Question

In his declaration, Mr. Wachtel never concluded that advertising signs on San Francisco's street furniture constitutes a hazard to motorists or pedestrians.  Rather, Mr. Wachtel concludes that they cause him "concern" about driver "distraction."  Wachtel Decl., ¶¶ 6, 22, 23, 28 and 31.  Metro Fuel, however, represents Mr. Wachtel's conclusions as concluding "the City's street furniture signs pose a significantly greater threat to traffic safety than Fuel's panel signs supposedly do."  Memorandum of Points and Authorities at 19-20.  Putting aside the fact that Metro Fuel and its counsel misrepresented Mr. Wachtel's conclusions[1]-he never used the phrase-"greater threat to traffic safety"-Mr. Wachtel failed to establish in his declaration a correlation between "distraction" and safety hazard.  Indeed, in his deposition, another expert retained by this very same plaintiff calls that correlation into question, because he conceded that not all driving distractions are significant distractions. (Transcript of July 22, 2008 Deposition of William Kunzman at pp. 61-62, taken in *Summitt Media LLC v. City of Los Angeles*, No. 07-2649 RSWL (C.D. Cal. filed. Apr. 20, 2007).  Mr. Kunzman even conceded, "to merely label something a distraction is not meaningful." (Transcript of July 22, 2008 Deposition of William Kunzman at pp. 62-63, taken in *Summitt Media LLC v. City of Los Angeles*, No. 07-2649 RSWL (C.D. Cal. filed. Apr. 20, 2007).

Accordingly, the court should exclude Mr. Wachtel's declaration as improper expert testimony.

### B. Mr. Wachtel's Declaration Is Irrelevant To Metro Fuel's Motion

In his declaration, Mr. Wachtel stated that "[t]he purpose of his study was to assess the design, placement, and operational characteristics of representative Fuel signs as well as advertising signs on street furniture placed on public property."  Wachtel Decl., ¶ 4.  Mr. Wachtel's conclusion is that "the Fuel panel signs [he] observed, without exception, caused [him] less concern about the potential for

---

[1] Metro Fuel also identified Mr. Wachtel as "traffic safety engineer," which he is not. Mr. Wachtel's declaration states that he has served as an expert in the areas of traffic safety, human factors, ergonomic and engineering psychology." Wachtel Decl. ¶ 2.

driver distraction than the advertising signs on the City's street furniture structures." Wachtel Decl. ¶ 6. Mr. Wachtel's study and conclusions are not relevant to the question before this court: whether allowing advertising on a limited number of street furniture structures in limited areas of the city directly and material advances San Francisco's goals. The impact of Metro Fuel's signs is irrelevant to this question. Thus, Mr. Wachtel's declaration should be excluded under Fed. R. Evid. 402.

## II.     OBJECTIONS TO DECLARATION OF JEREMY PAUL
### A.     The Court Should Disregard Mr. Paul's Declaration

San Francisco requests that the court exercise discretion under Fed. R. Evid. 608(b) and take judicial notice of the fact that a San Francisco Superior Court determined that Mr. Paul's trial testimony, in *Nadelman v. Hi Tech Designs, Inc.,* (S.F. Superior Court, No. 402263) (Jan. 27, 2006), "was less than credible." The court also found that Mr. Paul "recklessly and without regard for its truth" "misrepresented that [certain construction] was in compliance with codes and industry standards." *Id.* A true and correct copy of the court's Statement of Decision is attached as Exhibit A hereto. A true and correct copy of the court's judgment against Mr. Paul is attached as Exhibit B hereto. A true and correct copy of the remittitur and unpublished opinion in *Nadelman v. Paul*, (Cal. Ct. App., No. A114284) (Dec. 6, 2007) (unreported decision) are attached as Exhibit C hereto. San Francisco requests that the court take judicial notice of these documents. *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) (noting that a court "may properly take judicial notice of the papers filed" in both federal and state court proceedings); *Louie v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1156 n.4 (under Fed. R. Evid. 201, court may take judicial notice of records of state courts).

### B.     Mr. Paul's Declaration is Improper Expert Opinion

Mr. Paul's declaration states that Metro Fuel retained him "to determine which of the City's street furniture sings are 'legal.'" Declaration of Jeremy Paul ("Paul Decl."), ¶ 5. Metro Fuel has not put Mr. Paul forward as an "expert" in any field. Therefore, Mr. Paul's conclusions regarding the legality of San Francisco's street furniture is improper lay opinion and should be rejects. Fed. R. Evid. 701. Furthermore, Mr. Paul's statements are conclusory and should, therefore, be excluded under Fed. R. Evid. 403.

### C. Mr. Paul's Declaration Lacks Foundation

Mr. Paul's declaration does not state that he has personal knowledge of the "facts" he purports to declare in his declaration.  Fed. R. Evid. 602.

Dated:  August 29, 2008

Respectfully submitted,

DENNIS J. HERRERA
City Attorney
KRISTEN A. JENSEN
THOMAS S. LAKRITZ
Deputy City Attorneys

By:_____/S/_____.
THOMAS S. LAKRITZ

Attorneys for Defendant CITY AND COUNTY OF SAN FRANCISCO