DENNIS J. HERRERA, State Bar #139669
City Attorney
KRISTEN A. JENSEN, State Bar #130196
THOMAS S. LAKRITZ, State Bar #161234
VICTORIA WONG, State Bar #214289
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102
Telephone:     (415) 554-6547
Facsimile:     (415) 554-4747
E-Mail:        tom.lakritz@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO FUEL LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF SAN FRANCISCO, a municipal corporation, COUNTY OF SAN FRANCISCO, a subdivision of the State of California, CITY AND COUNTY OF SAN FRANCISCO, a chartered California city and county and DOE 1 through DOE 10,<br><br>    Defendants. | Case No. C07-6067 JSW<br><br>**DECLARATION OF EMBER K. CROUCH IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Hearing Date:  November 14, 2008<br>Time:          9:00 a.m.<br>Place:         Courtroom 2, 17th Floor<br><br>Trial Date:    October 26, 2009 |

DECLARATION OF EMBER K. CROUCH
USDC No. C07-6067 JSW

n:\land\li2008\080804\00505927.doc

I, EMBER K. CROUCH, declare:

1. I have personal knowledge of the matters stated herein, except for those matters set forth on information and belief, which I believe to be true, and if called to testify, I can and will testify competently as to all matters set forth herein.

2. I am employed as a Student Design Trainee I for the San Francisco Planning Department. I have been employed in this capacity for approximately fifteen months. Prior to my employment as a Student Design Trainee I for the Planning Department, I was a Mapping/GIS Technician for the San Mateo County Assessors Office.

3. In my capacity as a Student Design Trainee I, I acted as a field worker for the Planning Department in conducting a City-wide inventory of general advertising signs. To perform this work, I used a laptop computer containing the current version of the City's inventory of all general advertising signs in the City ("City Inventory"). The laptop computer was also equipped with a Geographic Information Systems ("GIS") application that allowed me to pinpoint sign locations in the laptop computer and to link those locations to database entries for each sign.

4. In conducting field work, I was assigned specific parcels to survey. I personally surveyed each parcel that was assigned to me. In the course of surveying each parcel, I checked the parcel to see whether any general advertising signs (where each separate sign face was counted as an individual sign) were located on the parcel. If I found a sign on the parcel, I tried to match the sign or signs I found against any signs identified for that parcel in the current version of the City Inventory. If I could not match a sign on the ground with a sign listed in the City Inventory, I observed and recorded in the City Inventory database comprehensive information about each sign I found, including sign type (i.e. whether the sign is freestanding, attached to a wall, or attached to a roof), size, height, orientation, features such as illumination, permit number if displayed on the sign, company name if displayed on the sign, the condition of the sign (including any graffiti or maintenance concerns), and the block and lot where the sign was located. I also noted whether the sign displayed its dimensions as required by Planning Code section 604.1.

5.      If the sign or signs that I found on each parcel I surveyed was listed in the City Inventory, I nonetheless independently verified comprehensive information concerning that sign, including sign type (whether freestanding, wall, or roof), size, height, orientation, features such as illumination, permit number if displayed on the sign, company name if displayed on the sign, condition of the sign (including any graffiti or maintenance concerns), and the block and lot where the sign was located.  I also noted whether the sign displayed its dimensions as required by Planning Code section 604.1.  If any of the information submitted by a company in the City Inventory was incorrect, then I made a note in the City Inventory database of the discrepancy so that it could be researched and resolved at a later stage in the survey process.  If the information already contained in the City Inventory proved to be correct based on my independent field observations, then I did not modify the database entries for that sign.

6.      For each parcel that I surveyed, I took one to four photographs of each sign face that I found on the parcel.  The photographs I took of the sign faces were intended to demonstrate the scale and structural defects, if any, of each sign, as well as the information required to be displayed on the sign pursuant to Planning Code section 604.1.  While still in the field or upon my return to the office, I uploaded these photographs into the City Inventory database using a GIS application that was installed on my laptop.  In order to pinpoint the location of each sign that I surveyed and photographed while in the field, I also marked each sign that I found on an electronic map of the City with a dot using the GIS software.  Each dot was assigned a unique identifying number generated by the computer application I was using.  For every sign that I surveyed, the dot on the map was placed by me or one of my Planning Department colleagues and the linked photographs were taken by me or one of my Planning Department colleagues.

7.      On September 10, 2007, during the course of conducting a City-wide inventory of general advertising signs, I surveyed in the area near the corner of Polk and Pine Streets.  On that same day, I did not observe a general advertising sign at 1343 Polk Street.  I reviewed the City Inventory and determined that there was no record of a general advertising sign for this property.  While surveying a nearby property on September 10, 2007, I took a picture of a nearby general advertising sign.  The picture indicates (in the lower left had corner of the picture) that there was no

1  general advertising sign at 1343 Polk Street on September 10, 2007.  A true and correct copy of the
2  picture I took on September 10, 2007, is attached as Exhibit A.
3      8.    On August 8, 2008, I went back to 1343 Polk Street and discovered that a general
4  advertising sign had been installed since September 10, 2007.  Again, I reviewed the City Inventory
5  and determined that there was still no record of a general advertising sign for this property.  I took a
6  picture of the general advertising sign located at 1343 Polk Street and added the new sign to the City
7  Inventory.  The picture indicates that since September 10, 2007, a general advertising sign had been
8  installed at 1343 Polk Street.  A true and correct copy of the picture I took on August 8, 2008, is
9  attached as Exhibit B.

12  I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and
13  correct to the best of my knowledge.
14      Executed on August 28, 2008

16          By:_____/s/_____
17                 EMBER K. CROUCH

DECLARATION OF EMBER K. CROUCH          3           n:\land\li2008\080804\00505927.doc
USDC No. C07-6067 JSW

**SIGNATURE ATTESTATION**

(U.S.D.C. N.D. Cal. General Order 45, Section X.B.)

I obtained the concurrence in the filing of this document from the signatory of this declaration, in compliance with U.S.D.C. N.D. General Order 45, Section X.B.

Dated: August 29, 2008

DENNIS J. HERRERA
City Attorney
KRISTEN A. JENSEN
THOMAS S. LAKRITZ
VICTORIA WONG
Deputy City Attorneys

By: _____/S/_____ .
THOMAS S. LAKRITZ

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO