DENNIS J. HERRERA, State Bar #139669
City Attorney
KRISTEN A. JENSEN, State Bar #130196
THOMAS S. LAKRITZ, State Bar #161234
VICTORIA WONG, State Bar #214289
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102
Telephone:     (415) 554-6547
Facsimile:      (415) 554-4747
E-Mail:          tom.lakritz@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| METRO FUEL LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF SAN FRANCISCO, a municipal corporation, COUNTY OF SAN FRANCISCO, a subdivision of the State of California, CITY AND COUNTY OF SAN FRANCISCO, a chartered California city and county and DOE 1 through DOE 10,<br><br>　　　　　Defendants. | Case No. C07-6067 JSW<br><br>**DECLARATION OF JONATHAN L. PURVIS IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Hearing Date:　November 14, 2008<br>Time:　　　　　9:00 a.m.<br>Place:　　　　 Courtroom 2, 17th Floor<br><br>Trial Date:　　October 26, 2009 |
|---|---|

I, JONATHAN L. PURVIS, declare:

1. I have personal knowledge of the matters stated herein, except for those matters set forth on information and belief, which I believe to be true, and if called to testify, I can and will testify competently as to all matters set forth herein.

2. I am employed as the General Advertising Sign Program Coordinator for the San Francisco Planning Department. I have been employed in this capacity for 1 ½ year. Prior to my employment as General Advertising Sign Program Coordinator for the Planning Department, I worked for the Planning Department as a Planner for the Southeast Quadrant.

3. The Planning Department is the department of the City and County of San Francisco (the "City") that is charged with implementing the City's planning and zoning ordinances, including Article 6 of the Planning Code, which applies to general advertising signs or billboards.

4. As the General Advertising Sign Program Coordinator for the Planning Department, I am responsible for overseeing the development of a City Inventory of general advertising signs located within San Francisco. The City Inventory has been developed using two primary tools: first, field research conducted by Planning Department staff in the course of performing a City-wide survey of general advertising signs; and second, comparison of field research results with Planning Department records.

5. The first step in developing a City Inventory of general advertising signs was to conduct a City-wide survey of these signs. In conjunction with Kimberly Durandet and other Planning Department staff, I developed the process by which the survey was to be conducted. This process is described below.

6. Between October of 2006 and May of 2007, the Planning Department received 27 separate sign inventories from general advertising sign companies pursuant to Planning Code section 604.2. These inventories contained 1,172 signs.

7. Planning Department staff (working with consultants) created a City Inventory database by merging all of the sign inventories submitted to the City by general advertising sign companies, pursuant to Planning Code section 604.2, into a single database and by merging that

1  database with a database maintained by the Planning Department for tracking sign characteristics,
2  complaints and enforcement actions concerning general advertising signs.  This City Inventory was
3  mapped by a Geographic Information Systems ("GIS") application.  Initially in developing the survey
4  model, I planned for field workers to survey every parcel of real property in the City zoned
5  nonresidential; every parcel zoned residential with a nonconforming commercial use according to
6  Planning Department records; every parcel zoned residential with a limited commercial use according
7  to Planning Department records; every parcel zoned residential that is adjacent to a commercial area,
8  a nonconforming use, or a limited commercial use; and every parcel zoned residential where a general
9  advertising sign company had identified a general advertising sign on the inventory submitted by the
10 company in accordance with Planning Code section 604.2.  However, during the course of
11 implementing the City-wide survey, it was ultimately decided that every parcel in the City should be
12 surveyed.

13        8.    Field workers were equipped with laptop computers containing a current version of the
14 City Inventory and with GIS equipment.  For each parcel they visited, field workers were instructed
15 to identify any signs located on the parcel, where a sign is defined as a separate sign face (so that, for
16 example, a sign structure containing three sign faces would be listed on the City-wide survey as three
17 separate signs).  Field workers were instructed to match the sign or signs they found against any signs
18 identified for that parcel in the current version of the City Inventory.  If they could not match a sign
19 on the ground with a sign listed in the City Inventory, they were to observe and record in the City
20 Inventory database comprehensive information about each sign they found, including sign type (i.e.
21 whether the sign is freestanding, attached to a wall, or attached to a roof), size, height, orientation,
22 features such as illumination, permit number if displayed on the sign, company name if displayed on
23 the sign, the condition of the sign (including any graffiti or maintenance concerns), and the block and
24 lot where the sign was located.  They were also instructed to note whether the sign displayed its
25 dimensions as required by Planning Code section 604.1.

26        9.    Field workers were instructed that, if the sign or signs that they found on any parcel
27 surveyed was listed in the City Inventory, they were nonetheless independently to verify
28 comprehensive information concerning that sign, including sign type (whether freestanding, wall, or

roof), size, height, orientation, features such as illumination, permit number if displayed on the sign, company name if displayed on the sign, condition of the sign (including any graffiti or maintenance concerns), and the block and lot where the sign was located. They were also instructed to note whether the sign displayed its dimensions as required by Planning Code section 604.1. If any of the information submitted by a company in the City Inventory was incorrect, field workers were instructed to correct the error or to make a note in the City Inventory database of the discrepancy so that it could be researched and resolved at a later stage in the survey process. If the information already contained in the City Inventory proved to be correct based on field workers' independent field observations, then they were instructed not to modify the database entries for that sign.

10. In order to determine or verify the size and dimensions of any surveyed sign, whether it was included on the current version of the City Inventory or not, field workers were instructed to estimate the size of the sign by using tape measurements of reference dimensions (such as a measurement of the base of the sign structure, which could then be compared to the dimensions of the sign above it) and by using lot size and building size as references. Where there are continuing questions about the size of a sign, field workers were instructed to confirm the size of the sign using a distometer as needed on a follow-up visit to the parcel.

11. Field workers were instructed to photograph each surveyed parcel and to take up to four photographs of each sign face that they found on the parcel. The sign-face photographs are intended to demonstrate the scale and structural defects, if any, of each sign, as well as the information required to be displayed on the sign pursuant to Planning Code section 604.1. These photographs were to be uploaded into the City Inventory database using a GIS application. Field workers were also instructed to pinpoint the location of each sign they surveyed by marking the sign's location with a dot on an electronic map of the City using their GIS applications. The photographs would be linked to the dots electronically.

12. Where field workers surveyed a parcel and did not find a sign that the City Inventory indicated would be present on the parcel, they were instructed to look for the sign on neighboring lots and to look for evidence that the sign had been removed. Where no sign is ultimately found, it will be removed from the City Inventory.

13. Finally, field workers and other Planning Department staff have been instructed to resolve the discrepancies between field observations and information contained in the City Inventory by checking the records on file with the Planning Department concerning any general advertising sign that might be present at that parcel, such as permit, enforcement, and historic survey records. Staff have also been instructed to return to the field as needed to verify or reconfirm field observations.

14. In order to ensure that the City-wide survey was conducted using the process described above, I developed procedures, and Kimberly Durandet and I trained the surveyors in the office and in the field on these survey procedures. Weekly meetings were held with the surveyors to ensure compliance, and I was available to answer questions and resolve problems as they arose. The survey was primarily conducted by Karolina Bufka, Ember Crouch, Matthew McCauley, and Ken Spillberg. (Of these field workers, only Ember Crouch still works for the Planning Department.) Some portions of the survey were conducted by Kimberly Durandet as well.

15. The City-wide survey, employing the process described above, was commenced in July 2007 and completed on November 30, 2007.

16. During the course of the City-wide survey all parcels in the City were visited. The City-wide survey located 1,464 signs within San Francisco. Approximately 20 percent of these signs were not included in the material submitted by sign companies pursuant to Planning Code section 604.2.

17. Since the City-wide survey was completed on November 30, 2007, Planning Department staff has identified an additional 47 signs that have been installed throughout the City and has added these signs to the City Inventory, bringing the total number of signs in the City Inventory to 1,511.

18. Under Planning Code section 604(h), "a lawfully existing sign which fails to conform to the provisions of Article 6 may remain until the end of its normal life." Section 604 (h) also allows a lawfully existed sign to be maintained and repaired.

19. To my knowledge, no individual or entity has filed or has been required to file a permit application to remove a general advertising sign because the sign had reached "the end of its normal life."

20. The Planning Department's purpose in creating the City Inventory was to determine and track compliance with the Planning Code for every general advertising sign in San Francisco. Using the City Inventory, the Planning Department is able to issue notices of violation for nonconforming signs, and has already begun to issue such notices. In the view of the Planning Department, improving general advertising sign enforcement efforts furthers the purposes of Proposition G, enacted by the voters of San Francisco in 2002 and codified at Planning Code section 611. This ordinance prohibits new general advertising signs from being erected in San Francisco and is based on the voter-adopted findings that "[g]eneral advertising signs contribute to blight and visual clutter as well as the commercialization of public spaces within the City" (Planning Code § 611(f)(2)) and that "San Francisco must protect the character and dignity of the City's distinctive appearance, topography, street patterns, open spaces, thoroughfares, skyline and architectural features for both residents and visitors" by prohibiting new general advertising signs. (Planning Code § 611(f)(4).) By using the City Inventory to discover which signs within the City have been newly erected without permits and then taking enforcement actions against those signs, for example, the Planning Department implements the voters' will as expressed by Proposition G.

21. Metro Fuel has not submitted an inventory as required by Planning Code section 604.2. I understand that Metro Fuel's business model is to install 6' x 4' panel signs. As part of the inventory process, the Planning Department has identified several illegal 6' x 4' panel signs. To date, the Planning Department has issued 29 notices of violation for 6' x 4' panel signs. I believe that these signs are owned or operated by Metro Fuel. The Planning Department issued notices of violation for the following properties:

| ADDRESS | CASE NO. | DATE |
| --- | --- | --- |
| 100 6th Street | 7966 | October 1, 2007 |
| 999 Polk Street | 9264 | December 3, 2007 |
| 3201 Steiner Street | 9139 | December 5, 2007 |
| 1390 California Street | 9330 | December 12, 2007 |
| 251 Clement Street | 9402 | January 23, 2008 |
| 701 10th Avenue | 5925 | February 13, 2008 |
| 1900 Market Street | 9043 | February 27, 2008 |
| 2850 Van Ness Avenue | 9349 | February 27, 2008 |

| 1700 Polk Street | 9352 | February 27, 2008 |
| --- | --- | --- |
| 790 Ellis Street | 9354 | February 27, 2008 |
| 1485 Bush Street | 9390 | February 27, 2008 |
| 1390 California Street | 9524 | February 27, 2008 |
| 1201 Howard Street | 9504 | February 27, 2008 |
| 376 Castro Street | 9392 | March 5, 2008 |
| 3110 Octavia Street | 9606 | April 9, 2008 |
| 299 Valencia Street | 9605 | April 16, 2008 |
| 206 5th Street | 7958 | April 16, 2008 |
| 61 Gough Street | 8472 | April 16, 2008 |
| 110 Franklin Street | 9552 | April 16, 2008 |
| 964 Howard Street | 9558 | April 16, 2008 |
| 948-952 Mission Street | 9559 | April 16, 2008 |
| 103V Polk Street | 9560 | April 16, 2008 |
| 327-331 Hayes Street | 9561 | April 23, 2008 |
| 150 California Street | 9653 | April 23, 2008 |
| 4186 20th Street | 9385 | May 7, 2008 |
| 800 Hayes Street | 9268 | May 14, 2008 |
| 2363 Van Ness Avenue | 9065 | May 14, 2008 |
| 1598 Union Street | 9676 | May 14, 2008 |
| 2701 Taylor Street | 9738 | May 21, 2008 |

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on August 28, 2008

By:_____/s/_____
JONATHAN L. PURVIS

**SIGNATURE ATTESTATION**

(U.S.D.C. N.D. Cal. General Order 45, Section X.B.)

I obtained the concurrence in the filing of this document from the signatory of this declaration, in compliance with U.S.D.C. N.D. General Order 45, Section X.B.

Dated:  August 29, 2008

DENNIS J. HERRERA
City Attorney
KRISTEN A. JENSEN
THOMAS S. LAKRITZ
VICTORIA WONG
Deputy City Attorneys


By:_____/S/_____.
THOMAS S. LAKRITZ

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO