IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

METRO FUEL LLC,

    Plaintiff,

    v.

CITY OF SAN FRANCISCO, et al.,

    Defendants.
_____/

No. C 07-06067 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON NOVEMBER 14, 2008 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.  The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

    The Court **tentatively GRANTS** Plaintiff's motion for preliminary injunction and **DENIES** Defendant's motion for judgment on the pleadings.

The parties shall each have 20 minutes to address the following questions:

1. On what basis does the City maintain that Metro Fuel's advertising may be banned based on its content, *i.e.*, because it contains speech related to illegal activity or that it is likely to deceive the public? (*See* Opp. Br. to PI at 18; *see also* Reply Decl. of Michael A. Freedman at ¶¶ 2-3.)

2. Does the City argue that it may prohibit all new billboard signage under *Metromedia v. City of San Diego*, 453 U.S. 490 (1981)? Is the important distinction between billboards and all other types of commercial speech or the critical distinction between on-site and off-site commercial speech? Does the underinclusiveness theory apply to the latter but not the former? Why? Apart from the fact that it is on appeal, how does the City distinguish *Metro Lights v. City of Los Angeles*, 488 F. Supp. 2d 927 (C.D. Cal. 2006)?

3. On what basis does the City contend that a scheme restricting commercial speech survives the holding in *Central Hudson* when it is pierced by exemptions and inconsistencies? *Greater New Orleans Broadcasting Association v. United States*, 527 U.S. 173, 190 (1999). How does the fact that billboards are involved so significantly alter the analysis? The Ordinance does not prohibit merely the erection of new billboards, but just as in *Metro Lights*, it bans any new general advertising (off-site) signs.

4. Why are the City's own advertising exemptions to the ban not content-based (as the City may determine the content of their own, permitted ads)? Is the ban therefore effectively content-based in violation of the fourth prong of the *Central Hudson* test? *See Ballen v. City of Redmond*, 466 F.3d 736, 743 (9th Cir. 2006) (holding that City exempted powerful real estate industry from ordinance that restricts rights to display signage by small bagel shop owner). Does the City permit any of its own billboard advertising? Is there any restriction placed on the number and proliferation of the City's signs under the Ordinance (whether a billboard or not)?

5. On what authority does the City rely when it states that a California court would give preclusive effect to the unreviewed notices of violation from the Planning Department and the Department of Building Inspection? How do the notices constitute final administrative agency decisions? What about the majority of Plaintiff's signs for which no notice has been issued? What about the fact that the notices were issued against Plaintiff's lessors and not against Plaintiff?

6. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: November 12, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE