DENNIS J. HERRERA, State Bar #139669
City Attorney
KRISTEN A. JENSEN, State Bar #130196
THOMAS S. LAKRITZ, State Bar #161234
VICTORIA WONG, State Bar #214289
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:     (415) 554-6547
Facsimile:     (415) 554-4747
E-Mail:        tom.lakritz@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO FUEL LLC, a Delaware limited liability company,<br><br>             Plaintiff,<br><br>   vs.<br><br>CITY OF SAN FRANCISCO, a municipal corporation, COUNTY OF SAN FRANCISCO, a subdivision of the State of California, CITY AND COUNTY OF SAN FRANCISCO, a chartered California city and county and DOE 1 through DOE 10,<br><br>             Defendants. | Case No. C07-6067 PJH<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

It is hereby STIPULATED and AGREED, by and between Plaintiff Metro Fuel LLC ("Metro Fuel") and the City of San Francisco, County of San Francisco, and City and County of San Francisco (collectively, "the City" or "San Francisco"), through their attorneys of record as follows:

   1.     On April 17, 2008, Metro Fuel filed its First Amended Complaint.

   2.     In its First Amended Complaint, Metro Fuel alleged one cause of action under 42 U.S.C. § 1983.  Metro Fuel's one cause of action, however, was premised on three distinct legal

theories. First, in paragraphs 23-80, Metro Fuel alleged that Article 6 of the San Francisco Planning Code violated the First Amendment of the U.S. Constitution (the "*Metro Lights* claim"). Second, in paragraphs 81-89, Metro Fuel alleged that the practical effect of San Francisco's ban on new general advertising signs (San Francisco Planning Code section 611) is the reservation "for itself a monopoly over outdoor advertising signs in San Francisco" in violation of the First Amendment of the U.S. Constitution (the "Government Monopoly claim"). Third, in paragraphs 90-101, Metro Fuel alleged that various provisions of Article 6 of the San Francisco Planning Code discriminate against non-commercial speech in violation of the First Amendment of the U.S. Constitution (the "Non-Commercial Speech claim").

3. On August 29, 2008, the City filed a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) attacking Metro Fuel's *Metro Lights* claim on several grounds. On September 12, 2008, Metro Fuel filed its opposition to the City's motion.

4. On January 6, 2009, the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") issued its decision in *Metro Lights, L.L.C. v. City of Los Angeles,* --- F.3d ----, 2009 WL 22922 (C.A. 9 (Cal.)) (the "*Metro Lights* decision"). The Ninth Circuit held that Los Angeles's regulatory scheme prohibiting new off-site general advertising signs did not violate the First Amendment, even though Los Angeles allowed off-site advertising on city-owned transit stops and other street furniture.

5. Metro Fuel concedes that the *Metro Lights* decision, to the extent it is not reversed in an *en banc* proceeding or by the United States Supreme Court, disposes of its *Metro Lights* claim in this action against San Francisco.

6. Accordingly, the parties agree that this Court should grant San Francisco's motion for judgment on the pleadings with respect to the *Metro Lights* claim alleged in paragraphs 23-80 of the First Amended Complaint.

7. The parties acknowledge that Metro Fuel has reserved its right to move this Court to reconsider this Stipulation and Order, as allowed by the Federal Rules of Civil Procedure, if the *Metro Lights* decision is reversed in an *en banc* proceeding or by the United States Supreme Court.

8. The parties acknowledge that Metro Fuel's Government Monopoly and Non-Commercial Speech claims remain in this action.

9. The parties further acknowledge that the remaining grounds set forth in the City's Fed.R.Civ.P. 12(c) motion are not addressed in this stipulation and order, and that the City may bring those challenges to Metro Fuel's Government Monopoly and Non-Commercial Speech claims in a subsequent motion or at trial.

DATED: January 20, 2009	DENNIS J. HERRERA
	City Attorney


	By:	/s/	.
	THOMAS S. LAKRITZ

	Attorneys for Defendant CITY AND COUNTY
	OF SAN FRANCISCO


DATED: January 20, 2009	LAW OFFICES OF PAUL E. FISHER


	By:	/s/	.
	PAUL E. FISHER

	Attorneys for Plaintiff METRO FUEL, LLC


DATED: January 20, 2009	EMERY CELLI BRINCKERHOFF & ABADY LLP


	By:	/s/	.
	ERIC HECKER

	Attorneys for Plaintiff METRO FUEL, LLC

1   IT IS SO ORDERED:

2   Pursuant to the stipulation of the parties, the City's motion for judgment on the pleadings
3   under Fed.R.Civ.P. 12(c) is GRANTED IN PART and Metro Fuel's *Metro Lights* claim is
4   DISMISSED.  Metro Fuel's Government Monopoly and Non-Commercial Speech claims, set forth in
5   paragraphs 81-89 and 90-101, respectively, of the First Amended Complaint remain in this action.
6   The remaining grounds asserted in the City's Fed.R.Civ.P. 12(c) motion are not addressed in this
7   order, and the City may assert those challenges to Metro Fuel's Government Monopoly and Non-
8   Commercial Speech claims in a subsequent motion or at trial.

Dated: 1/22/09

HONORABLE PHYLLIS J. HAMILTON
JUDGE OF THE UNITED STATES DISTRICT COURT

